## Doughty, Appellant, *v.* Cooney et al.

*Equity—Specific performance — Contract for sale of realty — Time for performance—Essence of contract—Waiver—Pleadings.*

1. A court of equity will not decree specific performance of a contract for the sale of land, which provides that time is of the essence of the contract, where, in a case heard on bill and answer, defendants' answer averred that plaintiff had not undertaken to perform within the time fixed for performance, and plaintiff's bill contained no allegation that defendants had waived the time within which the contract was to be performed.

2. Where parties, by their agreements or covenants, have deliberately fixed a time for the performance of an act, a court of equity will be very cautious how it interferes in disregard of it, and thus in effect change the contract which the parties have made.

Argued January 13, 1920. Appeal, No. 148, Jan. T., 1920, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., June T., 1919, No. 6362, dismissing plaintiff's bill in equity in case of Joseph C. Doughty v. Frances Cooney and John C. Cooney. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for specific performance of contract for sale of real estate. Before SHOEMAKER, J.

The facts appear by the opinion of the Supreme Court.

The case was argued on bill and answer and the court entered judgment for defendants, dismissing plaintiff's bill. Plaintiff appealed.

*Error assigned* was dismissing plaintiff's bill and entering judgment for defendants.

*Joseph H. Sundheim,* of *Bernheimer & Sundheim,* with him *Aaron Trasoff,* for appellant.

*G. C. Ladner,* of *Ladner & Ladner,* for appellees, was not heard.

PER CURIAM, February 2, 1920:

Appellant's bill is for the specific performance of two contracts for the sale of real estate which he had agreed to purchase from the appellees. Each agreement provides that time was of its essence. The case was disposed of below on bill and answer, an averment in the latter being that the plaintiff had not undertaken to perform within the time fixed for performance, and there is no allegation in the bill that the defendants had waived the time within which the contracts were to be performed. "When parties have deliberately by their agreements or covenants fixed a time for the performance of an act, a court of equity will be very cautious how it interferes in disregard of it, and thus in effect change the contract which the parties have made": Vankirk v. Patterson, 201 Pa. 90.

Appeal dismissed and decree affirmed at appellant's costs.