## McKuen, Appellant, *v.* Serody et al.

*Equity—Specific performance — Vendor and vendee — Time essence of contract—Tender—Delay—Averment in bill—Conclusion from facts.*

1. Where a contract for the sale of land provides in express terms for performance of the agreement by a day named, and that time was to be the essence of the contract, the vendee must tender the purchase money on the day specified, or otherwise lose his right to enforce the contract.

2. In such case, delay in making tender is not supported by an allegation that the sellers were equitable owners of the premises under a contract with the real owner, and had not acquired the legal title, and that they therefore could not convey the property on the day fixed.

3. Such an allegation in a bill in equity for specific performance, is a mere conclusion, which may not be warranted by the facts.

Argued January 12, 1921. Appeal, No. 112, Jan. T., 1921, by plaintiff, from decree of C. P. No. 3, Phila. Co., March T., 1920, No. 5692, dismissing bill in equity, in case of E. F. McKuen v. Michael Serody and Samuel Serody, copartners, trading as Serody & Serody, and R. Madway. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for specific performance. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was decree, quoting it.

*Bertram D. Rearick,* with him *Louis Greenblatt,* for appellant.—No one need do a useless act. Where the time for final payment has passed without a tender thereof and without a tender by the vendor of a deed, and thereafter the vendee tenders the payment, he is entitled

to enforce his contract: Vankirk v. Patterson, 201 Pa.
90; Irvin v. Bleakley, 67 Pa. 24; Hatton v. Johnson, 83
Pa. 219; Hausman v. Johnson, 32 Pa. Superior Ct. 339.

*David Bortin,* with him *Jacob Singer* and *Emanuel Furth,* for appellees.—Tender of payment was necessary
at the time specified: Ley v. Huber, 3 Watts 367; Kutz's
Est., 259 Pa. 548; Doughty v. Cooney, 266 Pa. 337.

OPINION BY MR. JUSTICE SCHAFFER, February 14, 1921:
Plaintiff filed a bill in equity against defendants for
specific performance of a contract for the sale of real
estate; defendants demurred, the demurrer was sus-
tained and the bill dismissed; plaintiff has appealed.

The agreement, dated Jan. 30, 1920, acknowledged
receipt of part of the consideration money and provided
for payment of the balance in cash at the time of settle-
ment, which it was stipulated should take place on or be-
fore February 24, 1920; it further provided, the "parties
hereby bind themselves......for the faithful perform-
ance of the above agreement by February 24th, 1920,
......, said time to be the essence of this agreement,
unless extended by mutual consent in writing endorsed
hereon." Plaintiff did nothing prior to nor on the date
named for the settlement, but avers in his bill that, on
March 24, 1920, almost a month later, he made a tender
in cash of the balance of purchase money, and demanded
a conveyance, which was refused by the defendants,
who informed him that, on March 11, 1920, the property
had been conveyed by them to another.

The reason assigned in the bill for failure to comply
with the terms of the agreement, on the date fixed for
settlement, is that the defendants were equitable owners
of the premises, under a contract with the real owner,
and had not acquired the legal title, therefore they could
not convey the property to plaintiff on the day fixed. It
is further averred that defendants did not actually ac-
quire the title by deed until March 19, 1920.

Plaintiff's counsel, in his argument, says that the single point involved in the appeal is whether or not he (appellant), in order to have specific performance of the contract, was obliged to make a tender of the balance of the purchase money on or before February 24, 1920, in view of the fact that the vendors (appellees) did not have title to the property on that day. The contract of sale, in express terms, provided for performance of the agreement by the day named, and that time was to be the essence of the contract, unless extended by mutual consent in writing endorsed thereon. It could not avail the plaintiff, in asserting his rights under the contract, to excuse his failure to comply with its terms by setting up that the defendants could not comply. The allegation that defendants could not convey title to him at the designated time was a mere conclusion, which may not have been warranted by the facts; the way to ascertain whether they could do so was to make a tender on or before the day named, and, this not having been done, the court could not decree specific performance: Doughty v. Cooney, 266 Pa. 337.

The assignments of error are overruled and the decree of the learned chancellor of the court below is affirmed at the cost of appellant.