## Mansfield, Appellant, *v.* Redding et al.

*Vendor and vendee—Agreement to sell realty—Contract—Equity —Specific performance—Pleadings—Extension of time—Time essence of contract—Findings of fact—Principal and agent—Return of deposit money—Appeal—Review.*

1. Where an agreement for the sale of real estate makes time of settlement of the essence of the contract, and two separate extensions are granted by the vendor with a limit of time fixed for final settlement, time is still of the essence of the contract in accordance with the original agreement.

2. A claim made by the vendee that delay in settlement was caused by the failure to secure proper certificates of search, is not sustained, where it appears the agreement named a particular title company to which an application for such certificate should be made, and, as far as the evidence showed, the vendee made no effort to secure them from it.

3. Where a vendor is ready and willing to carry out the contract, and the vendee does nothing in the way of performance, the latter cannot thereafter have the contract specifically enforced in equity.

4. The authority of an agent to sell embraces no authority to modify the contract to sell after it is made.

5. The findings of a chancellor, based on sufficient evidence, will not be reversed in the absence of clear error.

6. In refusing specific performance of a contract for the sale of real estate, the decision of the court is limited to the question of its enforceability in equity, leaving open the inquiry as to the binding effect at law.

7. Where a deposit, to be treated as liquidated damages, is made at the time of an agreement of sale of real estate, and further sums are paid for the purpose of securing two extensions of time for performance, and the vendee fails to perform, he cannot claim that the vendor had no right to refuse performance of the contract, or to rescind, unless there was a repayment of the amounts received.

8. On bill for specific performance in such case, the court cannot decree that the deposits shall be restored to the vendee, although equity has jurisdiction of the parties, and the bill prays

general relief. The court may dismiss the bill, without prejudice to plaintiff to sue at law for the deposit money.

9. Proof of matters which have not been alleged cannot be made the basis of equitable relief.

Argued January 17, 1921. Appeal, No. 198, Jan. T., 1921, by plaintiff, from decree of C. P. No. 3, Phila. Co., Sept. T., 1919, No. 3967, dismissing bill in equity, in case of Charles Mansfield v. Donald V. Redding and Robert Montgomery. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for specific performance. Before MC-MICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was decree, quoting it.

*Samuel J. Gottesfeld,* with him *Maurice Rose,* for appellant.—Vendor cannot rescind agreement for sale of realty without first returning consideration money already received which agreement does not authorize him to retain: Sanders v. Brock, 230 Pa. 609; Brush Elec. Co.'s App., 114 Pa. 574; Weyand v. Weller, 39 Pa. 443.

Vendor could not rescind contract because he was himself unable to perform: VanKirk v. Patterson, 201 Pa. 90.

Indulgence of vendor constituted waiver of exact time of performance: Burchfield v. Alpha Process Co., 45 Pa. Superior Ct. 254, 257; Hatton v. Johnson, 83 Pa. 219, 223; Forsyth v. North American Oil Co., 53 Pa. 168; Tiernan v. Roland, 15 Pa. 429.

*G. C. Ladner,* of *Ladner & Ladner,* for appellees.— This case is ruled by Doughty v. Cooney, 266 Pa. 337.

OPINION BY MR. JUSTICE SADLER, February 14, 1921:

The plaintiff entered into a written contract by which he agreed to purchase certain real estate from the de-

fendants, and to pay for the same a fixed sum within a period of sixty days. Not only was a definite date named for the consummation of the contract, but it was expressly declared that time should be of "the essence of this agreement, unless extended by mutual consent in writing endorsed hereon." When the agreement was executed five hundred dollars was paid, it being provided that this deposit should be forfeited as liquidated damages in case of default. The time for the completion of the transaction was extended until July 27, 1919, in consideration of the making of "an additional deposit"; and again, for a further payment, an extension was granted, and endorsed on the written agreement, by which September 27th was fixed as the time of conveyance.

No tender of performance was made within the period fixed, and it was not until some days thereafter that the vendee indicated an intention to carry out the contract. The defendants refused to convey, upon demand, and the plaintiff filed his bill asking for specific performance, insisting that there had been a waiver of the necessity for compliance on September 27th, by the acts of one of the defendants, who was likewise agent for the other; answers were filed, and subsequently a hearing was had.

From the testimony received, findings of fact were made by the court below, wherein it concluded that time was of the essence of the contract, and that there were no facts showing any extension of the date of performance beyond that finally fixed, namely, September 27th. Specific performance was, therefore, refused, and from the decree entered this appeal was taken by the plaintiff.

Many of the thirty-two assignments of error are directed to the findings of fact, which are fully sustained by the evidence; and, under the recognized rule, that the findings of a chancellor, based upon sufficient evidence, will not be reversed in the absence of clear error,

the assignments in question should be and are overruled:
MacDougall v. Citizens National Bank, 265 Pa. 170.

The contention that the delay in settlement was caused
by the failure to secure proper certificates of search is
not sustained by the testimony. It appears by the agree-
ment that a particular title company was named as the
one to which the application for such certificates should
be made—that corporation having already insured the
title—and, as far as the evidence shows, the appellant
made no effort to secure them from it. The testimony
further discloses the fact that the vendors were in a
position to make title, as provided in the agreement, and
that the failure to perform on September 27th was solely
due to appellant. No sufficient evidence was offered to
justify a finding that there was any parol waiver of the
time of performance by the defendant Redding. Even
had there been, the other defendant, Montgomery, would
not have been bound thereby, in the absence of some
proof of Redding's authority to act, in this regard, on
his behalf. The authority of an agent to sell embraces
no authority to modify the contract to sell after it is
made: 2 C. J. 617.

Several errors are assigned to the conclusions of law
reached by the court. It is averred that, under the cir-
cumstances here presented, time was not of the essence
of the contract. That it was made so by the agreement
itself cannot be questioned, and under the terms of the
writing the period for compliance was definitely limited:
Doughty v. Cooney, 266 Pa. 337. It is, however, argued
that the making of extensions on two separate occasions
alters the situation. In each instance a definite though
later date for settlement was fixed, and the final limit
was placed at September 27th. The granting of such
forbearance surely cannot alter the situation when a
definite period was determined upon by agreement of
the parties: Patchin v. Lamborn, 31 Pa. 314; Reed v.
Breeden, 61 Pa. 460. Nor is there force in the conten-
tion that there was a failure on the part of the defend-

ants to make a formal tender of performance on September 27th. There was a willingness and readiness to carry out the contract on the part of the defendants; the appellant is asking for specific performance, and, as far as the record shows, did nothing on his part at the time mentioned indicating a readiness to perform, as required if equitable relief is to be granted to him.

Again, it is insisted that the money paid as a deposit at the time of making the original agreement was to be treated as liquidated damages, and that the further sums paid for the purpose of securing extensions of time of performance were merely deposits. It is, therefore, argued that the defendants had no right to refuse performance of the contract or to rescind, unless there was a repayment to appellant of the amount so received. The principle invoked is that, in case of rescission of a contract, the one so acting must place the other in statu quo before asking for relief. This is true as an abstract legal proposition (Bird's App., 91 Pa. 68; Nulton's App., 103 Pa. 286), but, apparently, sight has been lost of the fact that the present proceeding is a bill by the proposed vendee asking for specific performance, and not an action by the defendants to enforce a rescission of the contract made. "Courts of equity are governed by different rules in determining whether a contract should be specifically enforced and in deciding whether it should be cancelled. In determining that a contract should be rescinded the court in effect decides that it should not be enforced either in equity or at law, but in refusing specific performance of a contract the decision is limited to the question of its enforceability in equity, leaving open the inquiry as to its binding effect at law": 25 R. C. L. 205. If Redding and Montgomery were asking an equity court for relief from the contract, on proper grounds, then the principle invoked would have application; but that is not the case here.

It is further insisted that the deposits referred to should have been directed by the court below to be

restored to appellant in any event, since equity had jurisdiction of the parties and subject-matter, and there was a prayer for general relief. Under proper pleadings, the question might have been raised, but there is nothing in the bill filed which would justify such a decree. Proof of matters which have not been alleged cannot be made the basis of equitable relief (Luther v. Luther, 216 Pa. 1), and no rights of appellant, if such exist, can be injured by so holding (Piro v. Shipley, 33 Pa. Superior Ct. 278) ; this was the view properly taken by the court below when it said: "The question whether the money has been forfeited is not necessarily raised by the pleadings, and will not be determined in the present case. In the circumstances of the present case the trial judge thinks that that question should be determined upon the law side of the court by a trial by jury." Moreover, in the final decree dismissing the bill, it is directed that the same shall be "without prejudice to the right of the plaintiff to sue at law for the recovery back of the deposit money."

An examination of the assignments of error, in view of the record as presented, shows them to be without merit, and they are overruled.

The decree of the court below is affirmed; the costs of this appeal to be paid by the appellant.