## Piacentino v. Young, Appellant.

*Equity—Specific performance — Time — Essence of contract— Waiver—Agreement as to new time of settlement—Tender.*

1. Specific performance of a contract for the sale of real estate, where time is of the essence of the contract, will not be enforced if there has been a failure of the vendee to comply with the obligation assumed within the time limit.

2. This rule is subject to the limitation that the parties may by their actions surrender the right to demand strict compliance.

3. If this right has been waived, and a new time fixed, the vendee may perform, or offer to do so, until the expiration of the new date.

4. Where one additional day has been allowed by the vendor, he cannot withdraw until the end of that day. If he does so he will be in default, and the vendee no longer needs to make a strict legal tender. All that will be required of him thereafter is proof of a readiness and willingness to perform.

5. If the vendor has named a depository, the vendee has fully performed, if he has paid what was due, to the depository.

*Equity—Equity practice—Findings of fact—Findings of chancellor reversed by court in banc—Participation of chancellor in final findings—Appeal.*

6. The findings of fact by a chancellor will not be reversed on appeal where based on sufficient competent evidence, and no manifest error appears.

7. If the court in banc reverses the chancellor, and the chancellor takes part in the hearing on exceptions to his findings, and joins the court in changing his previous findings, the final conclu-

sion of the chancellor is to be treated as his deliberate conclusion, and such findings are subject to the general rule on appeal.

Argued January 4, 1922.   Appeal, No. 7, Jan. T., 1922, by plaintiff, from decree of C. P. No. 5, Phila. Co., Dec. T., 1918, No. 5111, on bill in equity, in case of Louis Piacentino v. George W. Young.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.   Affirmed.

Bill in equity for specific performance.

Exceptions to findings of MARTIN, P. J.

The court in banc, MARTIN, P. J., participating, sustained the exceptions, and entered a decree for plaintiff, MONAGHAN, J., filing the opinion.   Defendant appealed.

*Error assigned,* among others, was decree, quoting it.

*Owen J. Roberts,* with him *Albert W. Sanson,* for appellant.—From an examination of the testimony there was ample evidence to support all of the findings of fact of the learned trial judge and there was nothing at all to warrant the reversal of these findings by the learned judge who filed the opinion sustaining the exceptions filed on behalf of plaintiff: MacDougall v. Bank, 265 Pa. 170; Mansfield v. Redding, 269 Pa. 357; McIlvaine v. Powers, 270 Pa. 341.

Defendant, under no circumstances, is bound to forever continue to hold the property to await the offer and convenience of the purchaser: Sanders v. Brock, 230 Pa. 609.

The fact that defendant extended the time for settlement to a definite fixed period is not a waiver of his right to insist upon settlement on the day fixed: Shilanski v. Farrell, 57 Pa. Superior Ct. 137; Sgarlat v. Diggory, 68 Pa. Superior Ct. 53; Rugg v. Realty Co., 261 Pa. 453.

Equity does not abhore forfeitures and penalties, where time is of the essence of the contract, but will follow the law and will enforce a covenant of forfeiture as essential to do justice: Brown v. Vandergrift, 80 Pa. 142; Axford v. Thomas, 160 Pa. 8.

*William A. Carr,* with him *Edward W. Wells* and *Sidney L. Krauss,* for appellee.

OPINION BY MR. JUSTICE SADLER, February 6, 1922:

Piacentino entered into three contracts with Young, by which he agreed to buy five properties. In each instance, settlement was provided for within ninety days, but the transactions were not completed within the time fixed. After the expiration of the period determined upon, the purchase price of one house was paid, and the title transferred. As to the others, settlements were postponed by agreement, shown either by express words or conduct, until January 30, 1919. On that day, the parties met in the office of a trust company to close the negotiations. The necessary calculations were made, and the balance due by the vendee was found, the correctness being certified to by the signature of the vendor to the account prepared. It then appeared that the check of a building and loan association for $5,000, being the amount which it had agreed to advance Piacentino upon mortgages of two of the houses, was not in hand, and could not be obtained until the next day. After discussion, in which the defendant demurred to further delay, on account of loss of interest on certain mortgages upon which he was liable, the vendee deposited with the trust officer a sum more than sufficient to cover the charges for twenty-four hours. Young left the executed deed, but, finding upon his return the following morning that the balance had not been paid in, withdrew it about noon. Shortly after three, the remainder of the purchase price was handed to the trust company, and notice of this fact was attempted to be given Young.

Thereafter, the vendor declined to deliver the conveyance, insisting that the time for settlement had not been extended beyond the 30th, and, further, a rescission had been agreed to by the parties on the morning of the 31st, and the deal called off. The result of the dispute was the present bill asking for specific performance, which was subsequently decreed; from the order made this appeal is taken.

The legal questions here involved are without difficulty. Specific performance of a contract for the sale of real estate, where time is of the essence of the contract, will not be enforced if there has been a failure of the vendee to comply with the obligation assumed within the period limited: Doughty v. Cooney, 266 Pa. 337; McKuen v. Serody, 269 Pa. 284. This rule is subject to the qualification that the parties may by their actions surrender the right to demand strict compliance. In Vankirk v. Patterson, 201 Pa. 90, 95, quoting with approval from Pomeroy on Contracts, the principle is thus stated: "Wherever time is made essential, either by the nature of the subject-matter and object of the agreement, or by express stipulation, or by a subsequent notice given by one of the parties to the other, the party in whose favor this quality exists—that is, the one who is entitled to insist upon a punctual performance by the other, or else that the agreement be ended—may waive his right and the benefit of any objection which he might raise to a performance after the prescribed time, either expressly or by his conduct; and his conduct will operate as a waiver when it is consistent only with a purpose on his part to regard the contract as still subsisting and not ended by the other party's default." Where such conditions appear, the vendee may perform, or offer to do so, until the expiration of the new date stipulated: Mansfield v. Redding, 269 Pa. 357.

The application of the decisions to the present controversy depends upon the determination of the facts, the real cause of contention here. Did it appear that the

time for settlement had been extended until the 31st of January, 1919, and was the performance tendered on that day by Piacentino sufficient? And, again, was there a mutual rescission of the contract of sale? Both of these queries have been answered adversely to the defendant by the court below sitting in banc. In reviewing the conclusions reached by a chancellor, we are to be guided by the oft-declared principle that facts found which involve the credibility of witnesses, and the weight to be given to their declarations, will be treated by this court as if passed upon by a jury, where there is testimony to support them: Cruzan v. Cruzan, 243 Pa. 165; McIlvaine v. Powers, 270 Pa. 342. Only in cases of plain mistake will they be set aside, if any evidence justifies the determination adopted: McConville v. Ingham, 268 Pa. 507. It is insisted, however, that the appellant should not be so controlled in the present controversy, for the reason that the trial judge, who conducted the hearing, first found there was no extension of the time for the performance of the agreement beyond January 30th, a conclusion subsequently set aside by the court in banc, after argument upon exceptions filed. There would be merit in this contention if the chancellor found one way, and the court as a whole, before whom the witnesses did not appear, took a different view. But this is not the situation here presented, where the former took part in the subsequent hearing, and joined in changing his previous finding. It is the final conclusion of the chancellor which is to be considered. Frequently he modifies the facts as first declared, where mistake is called to his attention, and the last statement made is to be treated as his deliberate conclusion.

With these thoughts in mind, the record has been examined to discover if the findings adopted ultimately are justified by the evidence produced, and we are convinced that the proper determinations have been reached. Though denied by Young, there is positive testimony, supported by convincing circumstances, that the time for

settlement was extended until the 31st, and there was no mutual rescission of the contract on that morning. If this was so, the vendor could not withdraw the executed deed from the trust company at noon; he was bound to afford opportunity for settlement until the period fixed had gone by. The payment made by the vendee to the agent of both the parties about three o'clock was sufficient. Indeed, by that time the vendor was in default, and a strict legal tender to him was no longer necessary,—all that would have been required thereafter was proof of a readiness and willingness to perform. Young was not entitled to a personal delivery of the consideration, as he had designated the depository, and when the vendee paid the balance there, his obligation was performed. It was the duty of the vendor to deliver the deed; having failed, the decree requiring that he do so was properly entered. It follows from what has been said that the assignments of error should be overruled, and it is so ordered.

The decree of the court below is affirmed at the cost of the appellant.