## Dransfield v. Young.

*Practice, equity—Specific performance—Coverture—Restoration of purchase money—Prayers.*

1. Where, in a proceeding in equity against man and wife for specific performance of the wife's contract for the sale of her real estate, the defence is coverture and plaintiffs' laches, and the defendants succeed on both pleas, the court may decree the return of the purchase money, notwithstanding there was no prayer for restoration.

2. In such case, the duty to restore is involved in the plea of coverture, and, therefore, the court acquires jurisdiction of restoration.

Exceptions to decree *nisi.* C. P. Delaware Co., June T., 1919, No. 62.

*William Taylor,* for plaintiffs; *W. R. Fronefield,* for defendants.

BROOMALL, J., Feb. 6, 1922.—In our decree *nisi* we refused plaintiffs' prayer for specific performance and awarded to the plaintiffs the sum of $500, being part purchase money, with interest from April 15, 1919, against the defendant, Grace G. Young. We have reviewed the exceptions of the parties, and see no cause to disturb the conclusions in our decree *nisi.*

In dismissing the exceptions, it may be advisable to refer more particularly to the part of the decree awarding a restoration of the purchase money paid.

The bill is for specific performance. The answer is plaintiffs' laches and coverture. When the plea of coverture was filed, it was in intendment of law attended with the undertaking to restore the purchase money. The defendants succeed on their plea of laches, as to which there is no liability to return the purchase money. The defendants succeed on their plea of coverture, as to which there is a liability to return the purchase money. A success on the plea of laches merely means that the liability to return the purchase money does not thereby arise. It does not mean that that liability is extinguished; it does not mean that that liability may not arise in some other way. It does arise in another way by a successful contention of coverture. True it is, to quote the defendants' argument, "If I owe a man a sum of money for one reason, but can defeat him for another reason, therefore, I owe the money," is a *non sequitur.* The limit of liability is the defeated reason. But is the illustration apposite? A more apt illustration is this: I owe a man a sum of money, and I defend the statute of limitation, and also a release. My plea of the statute is a sufficient defence, but in the development of my plea of a release, it appears that the release was given in consideration of a new promise to pay the debt. Then the limit of my liability is not the statute, but the new promise. True, the new promise would have to be supported by the consideration of the moral obligation to pay the debt. We have no promise in the instant case, but we have its equivalent in the legal duty imposed on the defendant to restore, when she invokes coverture. When she plead coverture, she gave the courts jurisdiction over the restoration, and it then only remains for the chancellor to award or withhold restoration on equitable principles. The defence of laches has no application to a duty to restore. The duty to restore does not arise until the decree is made.

Wherever a court of equity has jurisdiction, if the relief prayed for cannot for some reason be granted, a compensation in damages may be awarded in lieu thereof: Masson & Besanson's Appeal, 70 Pa. 26.

The question comes to this: A plaintiff files a bill for specific performance, and the defendant defends for coverture, with its correlative duty to restore purchase money paid; can the defendant object to a decree of restoration? True, the bill does not pray for a restoration, but the duty to restore is

Dransfield *v.* Young.

involved in the defendant's plea, and, therefore, the court acquires jurisdiction of restoration.

The case of Mansfield *v.* Redding, 269 Pa. 357, which the defendant specially cites, does not decide the instant case. The cited case was a bill for specific performance by a purchaser who was in default, wherein a restoration was refused; whereas the instant case is a bill for specific performance, wherein relief is refused for the default of the purchaser, and also for the coverture of the defendant, both of which are set up by the defendant's answer.

We, therefore, dismiss the exceptions of plaintiffs and defendants and make the following

*Final decree.*

And now, Feb. 6, 1922, this cause came on to be heard at this term and was argued by counsel, and, upon consideration thereof, it is ordered, adjudged and decreed that the prayers of the bill be dismissed, except that under the prayer for general relief, Grace G. Young shall pay to the plaintiffs the sum of $500, with interest from April 15, 1919.          From A. B. Geary, Chester, Pa.