# Levy's Estate.

*Equity—Specific performance—Vendor and vendee—Objection to title—Alley—Time as essence of contract—Waiver—Pleadings —Proofs.*

1. A decree for specific performance is not a matter of course, but rests in the sound discretion of the chancellor.

2. Where there has been a change of circumstances which renders the execution of a contract to sell real estate a hardship to defendant, and the change grows out of or is accompanied by an unexcused delay on the part of plaintiff, the change and the delay together will constitute a sufficient ground for denying specific performance, when sought by one who was thus in default.

3. Where a vendee of land sets up a wholly unwarranted objection to the title, and persists in it through vexatious litigation, he cannot thereafter, and seven months after the time limit has expired and after the property has greatly increased in value, change his position, and claim specific performance of the contract.

4. Where a vendee of lots buys by numbers, and the lots, as enclosed on the ground, exclude an alley, an alleged oral agreement that he was to have a clear title to one-half of the alley, cannot, even if established, be specifically performed.

5. Where a vendee of land relies upon a waiver of the time limit made as of the essence of the contract, he must aver such waiver in his bill or petition for specific performance.

6. If he fails to do so, he is not entitled to a decree, although he may have proved the fact of waiver, inasmuch as the relief in equity must conform to the pleadings as well as to the proofs.

Argued January 13, 1922. Appeal, No. 170, Jan. T., 1922, by Philip Green, from decree of O. C. Phila. Co., Jan. T., 1920, No. 22, dismissing petition for specific performance, in estate of Fannie Levy, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Petition for specific performance.

Exceptions to report of James G. Gordon, Jr., Esq., Master. Before THOMPSON, J.

The opinion of the Supreme Court states the facts.

Exceptions sustained and petition dismissed: See 30 Pa. Dist. R. 349. Philip Green appealed.

*Error assigned* was, inter alia, decree, quoting it.

*G. C. Ladner,* of *Ladner & Ladner,* for appellant.—Petitioner was entitled to relief: Erwin v. Myers, 46 Pa. 96; Mussleman's App., 65 Pa. 480; Bell's App., 71 Pa. 465; Dundas's App., 64 Pa. 325; Gordon's App., 93 Pa. 361; Welsh v. Dick, 236 Pa. 155; Farmakis v. Crown, 271 Pa. 140; Jaffe v. Johnson, 30 Pa. Dist. R. 79; Sylvester v. Born, 132 Pa. 467.

*Joseph R. Embery,* for appellees.—Appellant was in default in refusing to take title to the properties and pay the full consideration: Shilanski v. Farrell, 57 Pa. Superior Ct. 137; Sanders v. Brock, 230 Pa. 609; Becker v. Smith, 59 Pa. 469; Axford v. Thomas, 160 Pa. 8.

The proceeding in the lower court was a proceeding in equity and the issues in a suit in equity are confined to the pleadings: Albright v. Albright, 228 Pa. 552; Luther v. Luther, 216 Pa. 1; Caveny v. Curtis, 257 Pa. 575; Doughty v. Cooney, 266 Pa. 337; McKuen v. Serody, 269 Pa. 284.

OPINION BY MR. JUSTICE WALLING, February 20, 1922:

Fanny Levy died testate on December 20, 1916, seized, inter alia, of the property known as 4264, 4266 and 4268 Frankford Avenue, Philadelphia. Mary Samson and Ray Young were appointed and qualified as her executors, with power to sell real estate, and, on March 8, 1919, entered into a written contract to sell and convey the above-described property to Philip Green and Jacob Ash for $16,000, of which $500 was paid in hand. The contract describes the property by lot numbers only, and stipulates that the "parties hereby bind themselves, their heirs, executors and administrators, for the faithful performance of the above agreement within 90 days from the date here-

of, said time to be the essence of this agrement, unless extended by mutual consent in writing endorsed hereon." On February 7, 1920, Green, who had secured Ash's interest, filed his petition in the orphans' court for a specific performance of the contract; to which the executors made answer and the case was referred to a master, who took testimony, made elaborate findings of facts and legal conclusions and recommended that the prayer of the petitioner be granted. The court below, however, sustained an exception to the master's final conclusion and entered a decree dismissing the petition; from which Green brought this appeal.

The decree was rightly entered. There is and has been for over thirty years a common public alley, thirteen feet wide, extending westerly from Frankford Avenue to Griscom Street, and abutting upon the north side of lot 4268. It is paved with cement, is as visible as a public street and petitioner well knew of its existence when he made the contract, but later insisted that the executors give him a warranty deed, including one-half of the alley, freed of the public easement, or make an abatement of $1,300 from the agreed price. This being refused, Green, in September, 1919, filed a bill in equity in the court of common pleas for specific performance of the contract on the terms just stated. The bill was dismissed in December for lack of merit and because the orphans' court has exclusive jurisdiction over such contracts by executors. Thereafter, on January 2, 1920, the executors entered into a written agreement for the sale of lots 4266 and 4268 to Alexander Mackie, a bona fide purchaser, for $15,000, on which he paid $1,000. Then, on January 29, 1920, Green for the first time tendered respondents full consideration and a deed for execution drawn subject to the public easement in the alley. It was refused. The tender came too late, especially as the property had greatly increased in value and the situation of the parties had changed. Green's contention, that he was entitled to an abatement because of the alley, was wholly

unwarranted, but as he elected to take that position and persist in it through a vexatious litigation, he cannot thereafter, and seven months after the time limit has expired, change his position (Farber v. Blubaker Coal Co., 216 Pa. 209) and compel specific performance of the contract, especially when it would be inequitable to grant such relief. "The rule may be laid down as general, applying to either the vendor or the vendee, that where there has been a change of circumstances or relations which renders the execution of the contract a hardship to the defendant, and this change grows out of or is accompanied by an unexcused delay on the part of the plaintiff, the change and the delay together will constitute a sufficient ground for denying a specific performance when sought by the one who was thus in default": Pomeroy's Specific Performance of Contracts, (2d ed.) sec. 408. Moreover, a decree for specific performance is not a matter of course but rests in the sound discretion of the chancellor (Friend v. Lamb, 152 Pa. 529; Caton v. Wellershouse et ux., 77 Pa. Superior Ct. 331, 333), which was here properly exercised.

The fact that an owner's title to land may extend to the center of an open street or alley will not enable him to exclude the public therefrom, nor, in the absence of a special covenant, to recover damages from his grantor because of such servitude. Green bought by numbers and the lots as enclosed upon the ground exclude the alley. The alleged oral agreement that he was to have a clear title to one-half of the alley could not, if established, be specifically performed: Manufacturers L. & H. Co. v. Lamp, 269 Pa. 517; S. Dep. & T. Co. v. Coal & Coke Co., 234 Pa. 100, 108.

Furthermore, the time, which expired June 7, 1919, was made the essence of the contract and that is a sufficient answer to the petition: McKuen v. Serody et al., 269 Pa. 284. True, appellant contends, and the master found, the conduct of respondents' attorney amounted to a waiver of that clause of the contract, but the petition

contains no suggestion of a waiver and, this being an equitable proceeding, both in form and substance, relief must conform to the pleadings as well as to the proofs: Luther v. Luther, 216 Pa. 1; Massey v. Massey, 267 Pa. 239, 248; Mansfield v. Redding, 269 Pa. 357, 362. Where plaintiff relies upon a waiver of the time limit in such a contract, it must be averred in his bill: Doughty v. Cooney et al., 266 Pa. 337.

The assignments of error are overruled and the decree is affirmed at the costs of appellant.