# Girard Mammoth Coal Co., Appellant, *v.* Raven Run Coal Co.

*Vendor and vendee—Specific performance—Discretion of court —Refusal to accept deed—Equity.*

1. Specific performance is a matter of grace not right, and rests in the sound discretion of the court.

2. The power of the court will not be exercised in favor of a complainant in a bill for specific performance, who fails to show either full performance on his part, or that he offered to discharge the duty imposed upon him by the contract.

3. Where a vendor refuses to accept a deed which did not cover a small interest, although he had expressly agreed that failure to include such interest should not be cause for delay, or for refusal to proceed to carry out the transaction, he cannot thereafter maintain a bill in equity for specific performance for conveyance of the whole estate.

Submitted October 4, 1922.  Appeal, No. 13, Jan. T., 1923, by plaintiff, from decree of C. P. Schuylkill Co., Nov. T., 1919, No. 1, dismissing bill in equity, in case of Girard Mammoth Coal Co. v. Raven Run Coal Co. et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Bill in equity for specific performance.  Before BECHTEL, P. J.

The opinion of the Supreme Court states the case.

Bill dismissed on demurrer.  Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Dallas Dillinger, Jr.,* and *Roy P. Hicks,* for appellant.

*P. B. Roads, Geo. M. Roads* and *J. F. Bullitt,* for Wentz Corporation, James Crosby Brown and the Raven Run Coal Co., appellees.

*Woodbury & Woodbury* and *Edgar Downey, Thomas DeWitt Cuyler* and *B. Gordon Bromley, Laughlin, Gerard, Bowers & Halpin, Wm. S. Furst, Henry A. Ingram* and *Maurice B. Saul,* for New York Trust Co., trustee under will of Cornelius C. Cuyler and others, appellees.

*Woodbury & Woodbury, Edgar Downey* and *Lewis Lawrence Smith,* for Ladies' Aid Society of the Presbyterian Hospital of Philadelphia.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:

Plaintiff appeals from a decree sustaining a demurrer to a bill for specific performance of a contract to sell real estate.

On April 15, 1905, certain of defendants leased to David R. James, B. F. James and William J. James, for a period of fifteen years, coal land situated in Schuylkill County, which lease was subsequently, with the consent of lessors, assigned to plaintiff. On June 8, 1917, the owners of 973 1/3 twelve-hundredths of the premises entered into an agreement in writing to sell the property to plaintiff, subject to the lease referred to, for the sum of $972,777.78, payable $25,000 at the time of signing the contract and the balance on delivery of deed at settlement, which was fixed for July 16, 1917. The agreement contained a further provision that "in case of failure of title or area in any particular to the lands described" the vendors (defendants) should have "the right to rescind this sale and return the amount paid on the execution and delivery of this agreement to the vendee without further liability on the part of the vendors" and that "should the vendee fail to comply with the

terms of this agreement and make the total payment ......as aforesaid, then in such event the vendors may retain the said sum of $25,000......as a part of the purchase money or as liquidated damages for breach of contract, as vendors shall elect. In the latter case, all the rights of the vendee under this agreement shall cease and determine and the vendee shall immediately return its copy of this agreement" to the vendors. By supplemental agreement the time was first extended to July 23, 1917, and on that day, a further extension was made to August 27, 1917. The last extension agreement further set forth that the agreement of sale had not at that time been executed by the Ladies' Aid Society of the Presbyterian Hospital of Philadelphia, one of the joint owners, on account of its not being an incorporated body and that the society might not be in a position to deliver a deed for its undivided interest which was 14 1/6 twelve-hundredths of the whole; accordingly, it was agreed "that the failure of the said Ladies' Aid Society of the Presbyterian Hospital of Philadelphia to execute the said agreement, or to deliver a deed for its 14 1/6 twelve-hundredths undivided interest upon the date aforesaid, shall not cause any delay or postponement in the final settlement for the remaining 959 1/6 twelve-hundredths interest held by the other vendors joining in the within agreement, but that all the provisions of the said agreement shall be fully carried out upon said date so far as they relate to the respective interests of the said vendors who have signed said agreement and who have authorized this extension thereof."

The bill averred that on August 29, 1917, the date fixed for settlement, plaintiff (vendee) by its president, appeared at the place agreed upon and met the representatives of vendors (defendants) who stated they "were not prepared to deliver deeds and title for the total 973 1/3 twelve-hundredths part of the property contracted for, but could only deliver deed and title for 959 1/6 twelve-hundredths," and that "thereupon the

plaintiff, The Girard Mammoth Coal Company, through one of its counsel, Richard Tippet, stated to the said representatives of the vendors that the plaintiff was ready and willing to comply with the said contract of June 8, 1917, although the plaintiff did not then and there have the actual purchase money for immediate delivery and payment but that it would be necessary to have deeds and title for the full 973 1/3 twelve-hundredths part of the property contracted. The said vendors were further informed by counsel for the plaintiff that the plaintiff would not accept title or form of deed offered by the vendors and that plaintiff was not satisfied with the title offered." The bill further avers that plaintiff was at all times since August 27, 1917, ready and willing to comply with the terms of the written contract of June 8, 1917, and take title to the 973 1/3 twelve-hundredths interest. Although it does not appear that further steps were taken toward obtaining settlement, it is averred plaintiff continued in possession of the premises and apparently continued to mine coal, as one of the prayers of the bill asks the court to determine the proper persons to whom plaintiff should pay royalty for coal mined under the lease. On November 1, 1917, the property was sold to third persons and by subsequent conveyances finally became vested in the Raven Run Coal Company, one of defendants. That company at once notified plaintiff of its claim to royalties under the lease, whereupon plaintiff filed its bill for specific performance of the contract of June 8, 1917, to convey 973 1/3 twelve-hundredths interest in the land on payment of the balance of the purchase money as agreed upon. Demurrers were filed alleging, inter alia, that the bill as amended showed on its face plaintiff was not entitled to specific performance of the agreement.

While various questions were raised and argued under the demurrer, it is necessary to consider only the right of plaintiff to ask for specific performance under the contract, in view of its default. The averments of the bill

show the title offered by defendant was refused because the latter failed to offer to convey the full 973 1/3 twelve-hundredths of the property, notwithstanding plaintiff had expressly agreed that failure to include in the deed the interest owned by the Ladies' Aid Society should not be cause for delay or for refusing to proceed to carry out the transaction. It thus appears plaintiff deliberately declined, without just cause or excuse, to complete the contract,—in fact in plain disregard of its terms,—and in addition admitted inability at the time to carry out its part of the contract to make payment of the balance of the purchase money. It would be difficult to find a clearer case of failure of a plaintiff to perform, or offer to perform, his part of an agreement, which he is bound to do before declaring a forfeiture for failure of the other party to comply with his agreement.

Under the circumstances defendants were fully justified in refusing to complete the transfer and, in view of plaintiff's statement that a deed for a less interest than called for in the original agreement would not be accepted, they were not required to perform the useless task of making a formal tender, nor to hold themselves in readiness to complete the sale for an indefinite time, in expectation that plaintiff would experience a change of mind. We find no equity in plaintiff's bill. Specific performance is a matter of grace and not right and rests in the sound discretion of the court (Friend v. Lamb, 152 Pa. 529; Levy's Est., 273 Pa. 148) and the power of the court will not be exercised in favor of a complainant who fails to show either full performance on his part or that he offered to discharge the duty imposed upon him by the contract: Chandler v. Chandler, 220 Pa. 311; Kutz's Est., 259 Pa. 548; Mansfield v. Redding, 269 Pa. 357, 361.

The decree of the court below is affirmed at the costs of appellant.