## Wasserman v. Steinman et al.

*Walter D. Stewart*, for plaintiff; *Levick & Wexler*, for defendants.

KUN, J., March 20, 1931.—Plaintiff filed suit to recover from the defendants the sum of $5500. An affidavit of defense in lieu of demurrer was filed by the defendants and sustained, and judgment was entered in their favor. Plaintiff having taken an appeal, it is now necessary to set forth the reasons for our action.

Plaintiff based his claim on the alleged breach of contract between the parties, copy of which is attached to plaintiff's statement of claim as Exhibit "A." This contract was entered into on December 13, 1928. Under its terms defendants agreed to convey to the plaintiff a certain piece of real estate, in exchange for which plaintiff agreed to convey to the defendants a certain other piece of real estate, and, in addition, plaintiff agreed to pay to the defendants the sum of $50,000 in cash, of which $5000 was required by the agreement to be paid at the execution of the agreement.

The following provisions appear in the agreement: "Settlement is to be made within ninety days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed thereon," also, "said party of the second part [the plaintiff] shall have the privilege if he so desires of one extension of the time for settlement under this agreement for an additional thirty days upon payment of $500.00, and of a second extension of thirty days upon payment of $500.00, which payments are in lieu of adjusting the carrying charges on the property at 47th and Walnut Streets, Philadelphia, Pa., as of the date of original expiration of this agreement."

The plaintiff set forth in his amended statement of claim that, following the execution of the agreement, he paid the deposit of $5000 in accordance with its terms, and, further, the sum of $500 "for an oral extension thereof, which was mutually agreed to by the parties." How or when that further sum was paid or what the "oral extension" was, is not pleaded. Under the plain terms of the agreement there could be no extension of the time for settlement to be made thereunder "unless extended by mutual consent in writing endorsed thereon." As to a further allegation that "the time of settlement as provided for in the agreement was extended from time to time by mutual consent of the

parties," etc., likewise, there is no allegation as to when, how or for what consideration such alleged extensions were agreed upon and to what times, and, moreover, nothing was pleaded to amount to a waiver of the plain terms of the written agreement as to the limitation of time when settlement was to be made thereunder, which said time was expressly agreed to be the essence of the agreement, and was not to be extended unless by mutual consent in writing endorsed thereon. It was also alleged that on April 20, 1929, the defendants, through their attorney, "elected to continue in force and effect" the agreement referred to, serving notice thereof on the plaintiff. The foregoing is made the basis of the plaintiff's claim to recover his deposit money in a suit filed July 21, 1930, fifteen months after the expiration of the agreement, without any allegation of a tender of the balance of the purchase money due by the plaintiff to the defendants under the agreement or any other offer to perform his part of the agreement at any time.

The plaintiff has clearly failed to set forth a cause of action. Giving effect even to the insufficient allegation of the payment by the plaintiff to the defendants of the further sum of $500 as a payment for an extension, the agreement by such payment could not be extended for more than thirty days from March 13, 1930, which would make the expiration date of the agreement April 13, 1930. So far as can be gathered from the pleadings, nothing was done by the plaintiff on the last mentioned date or thereafter to carry out his part of the agreement to pay the balance of some $45,000 to the defendants. The plaintiff was plainly in default and was in default fifteen months thereafter when he filed this suit. The plaintiff makes a rather nebulous contention in the case. Because the defendants gave notice to the plaintiff following his default that they would hold him liable for the full balance of the purchase money, plaintiff now claims the right to recover his deposit, without any tender of the balance due by him and while he is in default. Though defendants had given such a notice to the plaintiff, yet they could not have recovered the balance of the purchase price under the agreement from the plaintiff had they not first tendered performance of the agreement on their part. The fact that they gave such a notice, not acted upon by either party, did not amount to an election of remedies so as to bind the defendants and preclude them from pursuing a different course: 34 C. J. 33, § 24. Even had the defendants commenced legal proceedings against the plaintiff to recover the balance of the purchase price, they could have discontinued such proceedings and followed any other course allowed to them by the law: Holt *v.* McWilliams, 21 Pa. Superior Ct. 137. After giving the notice to the plaintiff that they would hold plaintiff for the balance of the purchase price, it appears defendants took no action against the plaintiff. Instead, the plaintiff having defaulted, defendants sold their property to another. The date of this sale is not mentioned in the statement of claim.

It is plain to the court that plaintiff has not set forth a good cause of action. As stated, the most favorable construction which can be placed upon plaintiff's pleading is that his time for settlement was extended to April 13, 1930. There is no allegation of any tender or offer of performance on plaintiff's part on that date or at any time thereafter, or of any waiver of such requirements. Where time of settlement is agreed to be the essence of an agreement unless extended by mutual consent in writing endorsed thereon, the extension of time for settlement procured by such additional deposits as required does not destroy the provision that time is the essence of the agreement. The time is extended, but it is still the essence of the agreement: Mansfield *v.* Redding, 269 Pa. 357.

308

In Doughty *v*. Cooney, 266 Pa. 337, which went up from this court, there was a bill by the purchaser for specific performance of an agreement for the sale of real estate. The answer filed set up the fact that the plaintiff had not offered to perform within the time fixed for performance, which time was the essence of the agreements by their terms. There was no allegation in the bill that the defendants waived the time in which the agreements were to be performed. The case was disposed of on bill and answer. The bill was dismissed and the action of the court was affirmed, the Supreme Court saying: "When parties have deliberately by their agreements or covenants fixed a time for the performance of an act, a court of equity will be very cautious how it interferes in disregard of it, and thus in effect change the contract which the parties have made."

Plaintiff having defaulted in the performance of his contract with the defendants, time being the essence of the contract, plaintiff was in no position to assert any right thereunder while in default, and if thereafter the defendants sold their property to another, the plaintiff cannot now recover his original deposit: Dluge *v*. Whiteson, 292 Pa. 334; Shilanski *v*. Farrell, 57 Pa. Superior Ct. 137; Sanders *v*. Brock, 230 Pa. 609.

The case of Romm *v*. Lobosco et ux., 95 Pa. Superior Ct. 373, upon which plaintiff seems to rely so much, really supports the contention of the defendants, being in harmony with all the legal principles on the subject which have been referred to. The purchaser in that case having defaulted, vendor having a judgment note for $1000, entered judgment on it. The right of the vendor to do so was sustained, although there was a question of waiver involved in that case.

There is no question of a waiver presented in the case before the court. The case is a plain and simple one. When the time came for the performance of the agreement between the parties under which the plaintiff was required to pay the balance of $45,000 in cash, he did nothing then or thereafter. The plaintiff having defaulted, the defendants sold their property to another. In these circumstances, the plaintiff has no right to recover his original deposit.

The affidavit of defense in lieu of demurrer was properly sustained.