## Forman v. Philadelphia Housing Development Corp.

*Herman P. Weinberg,* for plaintiffs.
*Dennis H. Replansky,* for defendant.

HIRSH, J., June 30, 1970.—This is a complaint in equity for (1) specific performance of an agreement of sale of real estate, to wit, premises 2834 North Warnock Street, Philadelphia, Pa.; (2) interest upon the full purchase price to plaintiffs at six percent per annum from September 30, 1968, to the date of settlement; (3) plaintiffs' legal costs and expenses; and (4) such other relief as the court shall deem appropriate.

The pleadings consist of the complaint in equity, answer to the complaint in equity with new matter and counterclaim, reply to new matter and reply to counterclaim.

At trial, the parties agreed by stipulation that the complaint be amended to include premises 2856 North Warnock Street, Philadelphia, Pa., and specific performance was demanded with respect to the said premises. All other averments of the pleadings were deemed to apply to 2856 North Warnock Street, Philadelphia, Pa., as well as 2834 North Warnock Street, Philadelphia, Pa., as set forth in the original complaint.

The issue raised is whether specific performance will be granted to a party in default under the contract.

### FINDING OF FACT

The court finds the following facts:

1. Plaintiffs, William Forman and Burt Forman, are the owners of premises 2834, 2848 and 2856 North Warnock Street, Philadelphia, Pa.

2. Defendant, Philadelphia Housing Development Corp. (hereinafter referred to as "PHDC"), is a corporation formed under the Pennsylvania Non-Profit Corporation Law of May 5, 1933, P.L. 289, to promote the development of low-cost housing in the City of Philadelphia; provide services and activities to de-

velop new employment opportunities in the housing field; improve the living conditions of the elderly and improve housing and living facilities and home management skills. This shall include the acquisition, sale, lease, exchange, construction or any other disposition of buildings, land, or any interest in land, and other property; and the development, improvement, construction, maintenance and operation thereof for such purposes, with all powers necessary or desirable to effectuate same, including the power to guarantee loans and mortgages, to borrow money and pledge assets as security therefor.

3. On June 4, 1968, plaintiffs entered into a written agreement with defendant to sell all three parcels of said real estate to defendant corporation for the aggregate sum of $7,500, with settlement to be made on or before September 30, 1968.

4. A writing titled "Additional Provisions" was attached to the agreement of sale and executed by plaintiffs and their wives and provided that "the Agreement is contingent upon Sellers' preparing an acceptable relocation plan for all tenants."

5. On September 27, 1968, plaintiffs, by their counsel, offered premises 2834 North Warnock Street, Philadelphia, Pa., to defendant and advised defendant that the said property was vacant and that plaintiffs were ready, willing and able to make settlement of this property on September 30, 1968, in accordance with the terms of the agreement of sale.

6. On September 30, 1968, defendant, by its counsel, notified plaintiffs' agent that the agreement of sale had expired as the settlement date specified had now passed and that plaintiffs' agent had failed to prepare an acceptable relocation plan for all tenants.

7. On October 11, 1968, plaintiffs, by their agent, notified defendant that premises 2856 North Warnock

Street, Philadelphia, Pa., had this day "become vacant."

8. Plaintiffs never advised defendant that premises 2848 North Warnock Street, Philadelphia, Pa., was vacant and ready for settlement and, in fact, the subject property was never vacated by tenants and was still occupied at time of trial.

9. Plaintiffs never submitted an acceptable relocation plan for all tenants and, in fact, never submitted a relocation plan at all.

10. The agreement of sale contemplated the sale of three properties and contained sellers' warranty that ". . . there is no tenant in possession of the premises."

11. Sellers, on the date of settlement, were unable to deliver all three properties, as premises 2848 North Warnock Street, Philadelphia, Pa., was still occupied by tenants.

12. Sellers' agent was notified by letter from defendant that ". . . it is necessary that you submit a relocation plan for review and approval by Philadelphia Housing Development Corp. personnel" and no such plan was ever submitted in response to this express demand.

13. Defendant did not mislead plaintiffs or their agent with regard to the necessity of filing an acceptable relocation plan for all tenants of the properties involved in this action.

## DISCUSSION OF FACTS AND LAW

Plaintiffs ask for specific performance of a contract for the sale of real estate, being premises 2834 and 2856 North Warnock Street, Philadelphia, Pa. The agreement of sale provided for the sale of three properties, 2834, 2848 and 2856 North Warnock Street, Philadelphia, Pa., for a total consideration of $7,500; and called for settlement on or before September 30, 1968.

Defendant made a down payment of $750, which amount is being held in escrow by plaintiffs' agent.

The agreement provided: "POSSESSION to be delivered at time of settlement by delivery of deed and key to the property. SELLER warrants that there are no outstanding options, agreements of sale or leases of any nature for the premises and that there is no tenant in possession of the premises."

Additional provisions were attached to and were made a part of the agreement and provided that "it is understood and agreed that this agreement is contingent upon Sellers' preparing an acceptable relocation plan for all tenants. . ."

Plaintiffs contend that defendant should be compelled to purchase premises 2834 and 2856 North Warnock Street, Philadelphia, Pa., two of the three properties which are the subject of the agreement of sale. However, the terms of the contract do not support this contention.

The contract specifically provides that it is "contingent upon Seller preparing an acceptable relocation plan for all tenants."

Plaintiffs, at no time, either personally or by their agent, prepared or submitted to defendant an acceptable relocation plan and the contract, therefore, remained a contingent one.

In addition, plaintiffs were required to deliver all properties at settlement and, by the terms of the agreement of sale, plaintiffs warranted that there "is no tenant in possession of the premises."

By plaintiffs' own admission, one of the three properties, 2848 North Warnock Street, Philadelphia, Pa., was never vacated and was still occupied at the date of trial. As to 2856 North Warnock Street, Philadelphia, Pa., one of the two properties for which specific performance is requested, the evidence is uncontradicted that defendant was notified by plain-

tiffs' agent on October 11, 1968, that the subject premises became vacant on that date. This was, as well, a breach of the agreement of sale, which required settlement of *vacated premises* by September 30, 1968.

A party seeking specific performance of a contract must, to be entitled to such relief, show that he has performed or has always been ready, willing and able to perform his part of the contract: 34 P.L.Encyc. Specific Performance, §42; Schipper Bros. Coal Mining Co. v. Economy Domestic Coal Co., 277 Pa. 356, 361-62, 121 Atl. 193 (1923), and other cases cited.

Specific performance is a matter of grace, not of right; the matter of determining whether specific performance should be granted rests in the court's sound discretion, which will not be exercised in favor of one who fails to show either full performance or an offer to discharge the duty imposed upon him by the contract: Girard Mammoth Coal Co. v. Raven Run Coal Co., 275 Pa. 439, 119 Atl. 495 (1923); 34 P.L.Encyc. Specific Performance, §42.

There is no doubt in this case that plaintiffs at the time of settlement were unable to perform in accordance with the agreement of sale as the three properties which were the subject of the agreement were not vacant. It is equally clear that plaintiffs never prepared an acceptable relocation plan as required by the "Additional Provisions" to the agreement of sale. Plaintiffs, to excuse their nonperformance, argue strenuously that the doctrine of equitable estoppel should be applied.

In order to invoke this doctrine, an intentional deception by the party sought to be estopped must be shown (Hertz Corporation v. Hardy, 197 Pa. Superior Ct. 466 (1962)), and also reasonable reliance by the party to whom such representations have been made:

Stratford Arms, Inc. v. Zoning Board of Adjustment, 429 Pa. 132 (1968).

There is not the slightest evidence or suggestion even of lack of good faith and honest dealing on the part of defendant. On the contrary, the evidence establishes that defendant, at no time, misled plaintiffs' agent with regard to the requirement that an acceptable relocation plan be submitted.

"Estoppel must be established by clear, precise and unequivocal evidence: Frazee v. Morris, 155 Pa. Superior Ct. 320, 38 A. 2d 526; Peoples National Bank of Ellwood City v. Bartel, 128 Pa. Superior Ct. 128, 193 A. 59:" Hertz Corp. v. Hardy, 197 Pa. Superior Ct. 466, 471 (1962).

Plaintiffs have fallen far short of this standard and it is, therefore, clear that the requirements of the law for an estoppel have not been met.

Accordingly, a decree for specific performance will not issue and defendant is entitled to recover the down payment in the amount of $750.

## CONCLUSIONS OF LAW

1. Specific performance will not be decreed against a vendee where the vendor has failed to show full performance of the duty imposed upon him by the contract.

2. Specific performance should only be granted where plaintiffs clearly establish their right thereto.

3. Specific performance is a matter of grace and is discretionary with the court.

4. Plaintiffs are not entitled to a decree for specific performance.

5. Plaintiffs are not entitled to other relief prayed for.

6. Defendant is entitled to a refund of its down payment of $750, without interest.

## DECREE NISI

And now, June 30, 1970 it is hereby decreed and adjudicated as follows:

Plaintiffs William and Burt Forman's complaint for specific performance is dismissed and plaintiffs' agent is ordered to pay to defendant the sum of $750. held in escrow as refund of the down payment.

The Prothonotary of Philadelphia County is directed to file this adjudication, enter the within decree nisi, give notice to the parties or counsel of record as required by the rules of equity practice in Pennsylvania, and unless exceptions are filed to this decree nisi within 20 days after said notice, this shall be entered as a final decree by the prothonotary.