National Furniture Co., Appellant, v. M. A. McClintock.

*Practice—Setting aside execution—Right of hearing.*

An execution, issued on a regular judgment of record, cannot be set aside on the mere oath of the defendant, with no reasonable opportunity to the plaintiff to be heard.

Defendant gave to plaintiff's agent a judgment note payable in one day, which the agent entered up, and issued execution thereon. Subsequently defendant's counsel, without notice to plaintiff's counsel, presented a petition to the court, setting forth that, at the time the judgment note was given, two promissory notes for the same debt, payable several months thereafter, had been given, under an agreement that the judgment note should not be used unless there was default in the payment of the promissory notes. The court granted a rule to set aside the execution returnable two days afterwards. At the hearing plaintiff's counsel stated that his clients lived in another state, and that he had not been able to communicate with them between the time of granting the rule and the time of the hearing. The court however made the rule absolute. *Held*, to be error.

Argued May 22, 1894. Appeal, No. 54, July T., 1894, by plaintiff, from order of C. P. Montgomery Co., March T., 1894, No. 116, making absolute rule to set aside execution. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Rule to set aside execution.

The facts appear by the opinion of the Supreme Court.

The rule to set aside the execution was granted by WEAND, J., the execution set aside and the application to reinstate the fi. fa. refused in the following opinion by SWARTZ, P. J. :

" There is no denial by the plaintiffs that the agreement not

to use the judgment was signed by Chas. J. Hill.   If the agreement was obtained by a trick or fraud and the plaintiffs want to rescind or reject the agreement, they must give up the judgment note obtained under the contract.   We informed counsel for plaintiffs that a dispute of the signature of Charles J. Hill, or an allegation that the agreement was superseded or waived, would furnish good ground for continuing the original rule, but no such allegations are made by counsel or by plaintiffs in their letter submitted to us."

*Errors assigned* were to the orders (1) granting rule to stay execution ;  (2) setting aside execution ;  (3) refusing to reinstate fi. fa. ;  quoting orders and opinion.

*George N. Corson,* for appellant, cited : Ansley v. Arnt, 3 Kulp, 152 ; Pontius v. Nesbit, 40 Pa. 309 ; Feagley v. Norbeck, 24 W. N. 227 ; Humphrey, Assignee of Brown, v. Tozier, 154 Pa. 410 ; Fisher v. King, 153 Pa. 3.

*N. H. Larzelere, M. M. Gibson* with him, for appellee, cited : Jones v. Building Association, 94 Pa. 215.

OPINION BY Mr. JUSTICE DEAN, May 31, 1894 :

One Charles J. Hill was a traveling salesman for plaintiffs ; the principal place of business of the company is Cleveland, Ohio.   The defendant resided in Norristown, where she carried on a retail furniture business, her son, A. H. McClintock, being her agent in the management of it.   Having become indebted to the plaintiffs to the amount of $197.65, they sent Hill to procure payment or security for the debt.   On the 22d of March, 1894, her son, as her agent, delivered to Hill a judgment bill in favor of plaintiffs in this amount, payable one day after date.   Hill immediately handed the bill to George N. Corson, Esq., attorney for plaintiffs, who the next day entered it of record, and on the 28th of March, 1894, had execution issued upon the judgment, and levy was made on defendant's personal property.   On March 30, 1894, defendant, through her counsel, without notice to plaintiffs' counsel, presented her petition to a law judge of the court, setting out that, contemporaneous with the delivery of the judgment bill by her agent

to Hill, he had, for the same debt, delivered to Hill two common promissory notes, each in the sum of $98.82, one payable on 5th of August following, the other 5th of September, the aggregate of the two notes being for the same debt as that represented by the judgment bill; and at the same time Hill delivered to McClintock a writing setting out the nature of the transaction, and agreeing that the judgment bill should not be used unless there was default in payment of the commercial notes. On this petition, the judge granted a rule to show cause why the execution should not be stayed, returnable before him at 10 A. M. of April 2, 1894. Counsel for the rule so notified counsel for the execution.

At the time of hearing, counsel for plaintiff was present, but offered no evidence by affidavit, or otherwise, in denial of the facts set out in defendant's petition, but did represent that plaintiffs' place of business being in Cleveland, Ohio, and Hill having left Norristown immediately after delivering the note, it had been impossible for him, in the two days that had elapsed between granting of rule and time for hearing, to communicate with either. Nevertheless, the court set aside the execution and all proceedings thereon.

The plaintiffs had a judgment of a court of record. Defendant's petition does not deny that the amount of the debt existed as set out on the record; she denies that it was payable presently, as written of record. Having delivered this bill as a separate instrument, she voluntarily put it in the power of plaintiffs to enter and use it just as it was used, for purposes of immediate execution. She avers, in her petition, the delivery of a written agreement by Hill that it was not to be so used, that it did not mean what it said. If this be true, it was a fraud upon her to so use it, and the execution ought to be set aside. But how is the truth to be judicially determined? By what she alone says? Or by a hearing, or reasonable opportunity for hearing, to the parties? Counsel for plaintiff, under oath, (every attorney who states a fact within his knowledge to the court is under oath,) informed the court that, on two days' notice, he could neither reach the plaintiffs nor Hill, their salesman. The plaintiffs' counsel afterwards, on his own petition, prayed for a vacation of the decree setting aside the execution, and, as one of the reasons, set out the inability to

communicate with his clients, and his desire to take testimony in answer to the rule. The petition was dismissed for the reason that there was no denial, by counsel, of the delivery of the agreement. This was expecting too much of counsel; there was imposed on him no duty of making oath to the merits of his clients' case, especially where he had been unable to confer with them or their agent.

It is true, " right and justice " are to be administered in our courts without " delay," but they are also to be administered without " denial." If a plaintiff can have his execution, which has been issued on a regular judgment of record, wholly set aside, on the mere oath of defendant, with no reasonable opportunity to plaintiff to be heard, that is practically a denial of justice to him.

Perhaps no wrong was done here; we do not know; we do not think the learned judge of the court below knew either, so far as is shown by the record before us on this appeal. The decree setting aside the execution is reversed, the execution is reinstated, with directions to the court below to fix a time for hearing of the rule which shall give plaintiff a reasonable opportunity to be heard in reply to averments of defendant's petition.