It follows that the decree appealed from was erroneous. That decree is reversed.

---

ST. TAMMANY BANK & TRUST CO. OF COVINGTON, LA., v. WINFIELD.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1918.) *

No. 3228.

1. ESCROWS ☞14(1)—WRONGFUL DELIVERY OF BILL OF SALE—PETITION.

A petition setting up that plaintiff delivered mules to a third person under a contract requiring such person to pay $60 per head, and to give a chattel mortgage, which averred that the defendant bank to which the bill of sale had been delivered wrongfully delivered it to the third person, etc., enabling him to dispose of the mules without paying plaintiff, *held* to state a cause of action.

2. ESCROWS ☞14(1)—MEASURE—WRONGFUL ACT.

Where plaintiff delivered mules to a third person under a contract requiring such third person to pay a stipulated sum per head, and defendant bank delivered to such person a bill of sale for the mules, though he did not make payment as required, *held*, that plaintiff could not recover from the bank as part of damages the expense he was put to in recovering possession of those mules not sold by such third person.

3. ESCROWS ☞14(1)—RECOVERY—EVIDENCE.

Where plaintiff delivered mules to a third person under a contract requiring him to pay a fixed sum per head and to give a chattel mortgage, and defendant bank wrongfully delivered to such third person a bill of sale for the mules, though he did not make payment, *held*, such person having disposed of part of the mules to his damage, plaintiff could not recover for the bank's wrongful act, without proving the value of such mules when they were wrongfully disposed of.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by James S. Winfield against the St. Tammany Bank & Trust Company of Covington, La. Judgment for plaintiff, and defendant brings error. Reversed.

H. W. Robinson, of New Orleans, La. (Lewis L. Morgan, of Covington, La., on the brief), for plaintiff in error.

Lewis R. Graham and Henry Mooney, both of New Orleans, La., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. [1] This was an action by the defendant in error, James S. Winfield, against the plaintiff in error, St. Tammany Bank & Trust Company, which will be referred to as the bank. The plaintiff's petition, as it was amended, disclosed the following state of facts:

Winfield, who lived at El Paso, Tex., and H. C. Wertz entered into a written contract, under which the former was to deliver to the latter 71 head of Texas mules of various brands, and the latter was to receive the mules at Covington, La., where he lived, and feed and sell the same, pay the former $60 per head, and give a chattel mortgage on the mules. The contract contained a provision to the effect that, if Wertz failed to dispose of the mules within 60 days from the date of the contract, then the mules remained the property of Winfield. Wertz did not give a chattel mortgage on the mules as provided for in the contract. Under an arrangement made with the bank it received from Winfield the bills of sale for the mules given to the latter when he acquired them, and agreed not to turn over such bills of sale to Wertz, except as he paid to it $60 for each mule sold, the amounts so paid to be remitted or credited by the bank to Winfield. It was made known to the bank that both Winfield and Wertz understood that the latter would not be able to sell the mules unless he had the bills of sale for them which had been given to Winfield. The bank delivered the bills of sale to Wertz, without receiving any payment for or on the mules, and Wertz sold a number of the mules for which he did not pay.

We think the court properly ruled that the petition, as it was amended, disclosed a cause of action, and was not subject to the exception or demurrer interposed to it. It fairly appears from the averments that the action of the bank in delivering to Wertz the bills of sale mentioned was effective in bringing about the wrongful disposition of some of the mules by Wertz, which resulted in the loss by Winfield of those mules, or the value of them. Whether it was or was not legally necessary for Wertz to have possession of such bills of sale to be enabled to sell the mules they represented, so long as his conduct was controlled by the understanding that it was not safe for him to dispose of the mules without having in possession the bills of sale given to Winfield, the conduct of the bank in delivering those instruments contrary to instructions properly might be regarded as proximately contributing to the loss caused to Winfield by Wertz's wrongful disposition of some of the mules. The question whether the wrongful delivery of the bills of sale had the effect attributed to it was one of fact.

Several of the mules died while they were in the possession of Wertz. As a result of a suit brought by Winfield, he recovered 26 of the mules which were not sold by Wertz.

[2] Over objections interposed in behalf of the defendant the court permitted the introduction by the plaintiff of evidence of the amounts of attorney's fees and court costs expended by him in the suit brought for the recovery of the mules not sold by Wertz. Error was committed in the admission of that evidence. Whatever, if any, liability was incurred by the bank in consequence of its delivery to Wertz of the bills of sale contrary to instructions was based upon that action having the effect of enabling Wertz to sell the mules without paying for them. The bank incurred no responsibility in reference to the mules which remained unsold. In no way did it become liable for a noncompliance by Wertz with his undertakings to care for and redeliver the mules not sold by him. Winfield's outlays for attorney's fees and court costs

in the suit for the recovery of the mules were not attributable to any misconduct of the bank. Because of the error mentioned the judgment is reversed.

[3] In view of a retrial of the case, attention is called to an instruction of the court which was not excepted to. The court charged the jury:

"That if they believed that Winfield sent to the bank bills of sale for the mules, with instructions not to deliver them to Wertz, except as Wertz paid for each mule, and that, contrary to these instructions, the bank did deliver the bills of sale to Wertz, and that Wertz was accordingly able to sell certain of the mules, the jury should then find a verdict for the plaintiff for the number of mules disposed of by Wertz at the rate of $60 per head, and should also allow the items of attorney's fees, $300, and court costs of $149.75."

There was no evidence of the value of the mules sold when the bills of sale were delivered to Wertz, or when he disposed of those mules. The instruction quoted improperly assumed that their value at those times was what Wertz had agreed to pay for them. To sustain a recovery based on the bank's delivery of the bills of sale having the effect of enabling Wertz to sell some of the mules without paying for them, it was incumbent on the plaintiff to prove the value of the mules sold when they were wrongfully disposed of.

Reversed.