ST. TAMMANY BANK & TRUST CO. OF COVINGTON, LA., v. WINFIELD.

(Circuit Court of Appeals, Fifth Circuit. February 24, 1920.)

No. 3420.

1. COURTS ⟨KEY⟩329—AMOUNT CLAIMED IN GOOD FAITH AND NOT CLEARLY IMPROPER DETERMINES AMOUNT IN CONTROVERSY.

The amount in controversy, which determines the jurisdiction of the federal court, is the amount in good faith claimed in plaintiff's pleadings, unless it appears clearly from the record that plaintiff could not legally recover the jurisdictional amount.

2. COURTS ⟨KEY⟩329—PETITIONS HELD TO SHOW AMOUNT IN CONTROVERSY SUFFICIENT TO GIVE JURISDICTION.

A petition to recover several items of damage, exceeding the jurisdictional amount, is sufficient to sustain the jurisdiction of the federal court, though at a former trial one of the items had been withdrawn from the jury for want of evidence to sustain it, and the amount recoverable, aside from that item, was less than the jurisdictional amount.

3. APPEAL AND ERROR ⟨KEY⟩977(1)—NEW TRIAL ⟨KEY⟩6—GRANT OR REFUSAL OF NEW TRIAL IS NOT REVIEWABLE.

In the federal courts the granting or refusal of a motion for a new trial is within the discretion of the trial court, and its ruling thereon cannot be reviewed.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by James S. Winfield against the St. Tammany Bank & Trust Company of Covington, La. Judgment for plaintiff, and defendant brings error. Affirmed.

Henry W. Robinson, of New Orleans, La., for plaintiff in error.
Henry Mooney and Lewis R. Graham, both of New Orleans, La., for defendant in error.

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

CALL, District Judge. This is a writ of error sued out by St. Tammany Bank & Trust Company, a Louisiana corporation, the de-

fendant below, to reverse a judgment against it for $2,460 in favor of James S. Winfield, the plaintiff below.

This is the second time this cause comes before this court. A statement of the pleadings will be found reported in 254 Fed. 785, 166 C. C. A. 231, wherein this court held that the petition and amendment stated a good cause of action, not subject to exception or demurrer, but reversed the case on other grounds, and, remanded it for a retrial.

Before the retrial the defendant bank interposed its exception to the jurisdiction of the court ratione materiæ, on the ground that plaintiff sued only for the item of $2,700, which on the face of the pleadings he was entitled to recover. This exception was overruled by the trial court, and this ruling is assigned as error in the first assignment.

Thereupon the case went to trial, and the jury, after hearing the evidence and charge of the court, retired, and under instructions of the court rendered a sealed verdict, showing the different items making the total amount found by it in favor of the plaintiff. Subsequently in open court, in the absence of the attorney for the bank, the verdict was opened, and the trial judge, finding that the jury in its verdict had included certain items of damage which were improper under the evidence and charge of the court, directed it to retire and strike out from said verdict those improper items, which it did, and returned the verdict on which the judgment was entered, complained of here. This constitutes the second assignment of error.

[1] The plaintiff in error relies upon Vance v. W. A. Vandercook, 170 U. S. 468, 18 Sup. Ct. 674, 42 L. Ed. 1100, to sustain its first assignment. The rule for determining the jurisdiction of the court ratione materiæ, to be deduced from that case and all others which we have examined, may be stated as follows: The amount, in good faith, claimed in plaintiff's pleadings, will fix the jurisdiction, unless it appear clearly from the whole record that the plaintiff could not legally recover the jurisdictional amount.

[2] Testing the petition by this rule, it appears to us that the trial judge did not commit error in overruling the exception to the jurisdiction of the court. Paragraph IX of the petition alleges that, "solely as a result of the aforesaid violation by said bank of its contract and the instructions it had," the items of damage therein claimed were suffered, and resulted solely from the endeavors of plaintiff to minimize defendant's loss. Paragraph X alleges that, "by reason of the aforesaid violation of its contract by the bank, all of the aforesaid 71 mules" had gone into the possession of one Wertz, and upon consulting an attorney he was advised that it was necessary to bring a suit for the sequestration of same; said attorney being the president of said bank. Paragraph XI alleges that, acting upon such advice, a suit was prosecuted and 26 of said mules recovered, for which the defendant bank was given due credit. Paragraph XII alleges that in the prosecution of said suit the necessary court costs and attorney fee amounted to $449.75, which was paid by plaintiff.

The exception necessarily admitted the truth of these allegations. If they were true, could the trial judge say on exception that upon the

face of the record no recovery up to the jurisdictional amount could be had by plaintiff? We think not. On the first trial the proof evidently failed to sustain the allegation of the ninth paragraph, and the trial judge eliminated those items of damage from the consideration of the jury, but allowed them to consider the items contained in the eleventh and twelfth paragraphs. It was for error in admitting testimony as to these last-mentioned items that this court reversed and remanded the case for a retrial. It might well have been that, on the retrial of the case, testimony sustaining the claim set out in paragraph IX could have been introduced, showing circumstances which would have made the bank liable for those items, and those items were in an amount ample to sustain the jurisdiction of the District Court.

[3] The defendant bank, after rendition of the verdict, made its motion for a new trial, upon the ground that the sealed verdict showed that the jury were inattentive to the testimony and charge of the court, or were actuated by bias or prejudice. This motion was overruled, and the overruling of said motion is assigned as error. It is settled by the decisions of the United States courts that the granting or refusal of motions for new trials is discretionary with the trial court, and error cannot be predicated thereon. Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917, and the cases cited by the Chief Justice in delivering the opinion of the court.

We therefore find no error in the record, and the case must be affirmed.