EMMET QUEEN, Appellant, v. ADOLPH B. BENESCH and MORRIS C. ROSENBAUM, Copartners Trading under the Firm Name of A. B. BENESCH & Co., Respondents.

First Department, March 5, 1920.

Pleadings — action for violation of contract — copy of contract annexed to and made part of complaint — variance between contract and allegations of complaint — determination of sufficiency of complaint on motion to dismiss at opening of trial — validity of contract between promoters for organization of corporation.

Where a cause of action is for a violation of a contract which is by appropriate reference made a part of the complaint, if there is a variance between the contract and the allegations of the complaint, the terms of the contract must control.

On a motion at the opening of the trial to dismiss the complaint for insufficiency it will be deemed to be sufficient whenever the requisite allegations can be fairly gathered from all the averments and will be held to state all the facts that can be implied from the allegations by a reasonable and fair intendment.

Complaint in an action for the violation by the defendants of an agreement between promoters to organize a corporation, acquire property and finance the proposition, the plaintiff to secure the property, the defendants to finance it, and for a division of the stock to be issued, examined, together with the contract annexed to the complaint, and held to state a cause of action.

An erroneous allegation of damage predicated upon present valuation of non-existent stock is immaterial, as the defendants having interposed an answer the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issues.

The aforesaid contract was not unlawful or void as against public policy.

Where the defendant is sufficiently apprised of the issue tendered and has made answer thereto and delayed until the case is called for trial and then challenged the sufficiency of the complaint by motion, the court will give full force and effect to the rule that the allegations of the pleading must be liberally construed with a view to substantial justice between the parties.

APPEAL by the plaintiff, Emmet Queen, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 28th day

of June, 1919, upon the dismissal of the complaint by direction of the court at the opening of the trial.

*Frank Harvey Field*, for the appellant.

*Hector M. Hitchings*, for the respondents.

PAGE, J.:

The defendant at the opening of the trial challenged the sufficiency of the complaint, in that the cause of action is based upon a contract, a copy of which is annexed to the complaint, and that the contract does not sustain the theory of the complaint. The cause of action is for a violation of the contract which is by appropriate reference made a part of the complaint. Where this is done, if there is a variance between the contract and the allegations of the complaint, the terms of the contract must control; therefore, we may disregard the allegations of the legal effect of the contract in the complaint and resort to the contract itself as if it had been set out in the body of the complaint *in extenso*. (*Rubin* v. *Siegel*, 188 App. Div. 636, 638.) The motion to dismiss being in effect an oral demurrer for insufficiency, the question is whether, assuming every fact alleged to be true, enough has been stated to constitute any cause of action. The complaint will be deemed to be sufficient whenever the requisite allegations can be fairly gathered from all the averments, and will be held to state all facts that can be implied from the allegations by a reasonable and fair intendment. (*Sage* v. *Culver*, 147 N. Y. 241, 245.) Applying these rules to the complaint, it appears that the defendants are engaged in the banking and brokerage business in the city of New York; that the plaintiff and defendants entered into a contract in writing, wherein it was agreed that certain oil properties in West Virginia therein described were to be acquired at the price of $400,000; $100,000 to be paid in cash and $300,000 in notes bearing six per cent interest payable on or before six months; that the defendants are to form a corporation, to take over the said oil property, with a capital stock of $1,500,000 par value, all of which should be deposited as security for the payment of the $300,000 of notes to be withdrawn and payments to be arranged on account of the notes, if necessary, before they fall due. The defendants are to take

$900,000 of the stock which they agree to sell, and reimburse themselves for the moneys advanced, and agree to put $12,5000 in the treasury of the corporation from the proceeds derived from the sale of the said stock, the remaining $600,000 of the stock to be equally divided between the plaintiff and the defendants. The $300,000 of stock was reasonably worth the par value thereof. There are other provisions in the contract relating to the future management of the corporation which are immaterial to the question under consideration. It is alleged in the complaint that the property referred to in the contract was owned by Frederick W. Bartlett, and plaintiff was duly authorized for a certain period of time to sell the same, all of which the defendants knew; that on April 23, 1917, the plaintiff was able and willing to complete the said agreement on his part, and informed the defendants on that day that Frederick W. Bartlett had come to the city of New York and was prepared to tender good and sufficient instruments for the transfer of said property and to close and complete the said contract; that thereupon, and on or about the said date, the defendants advised the plaintiff that they refused to carry out the terms of the said contract, and they have ever since refused and neglected to carry out the same; that by reason of the refusal of the defendants to carry out the terms of said contract the plaintiff has suffered damages in the sum of $300,000. The contract is very inartificially drawn, and the complaint has erroneously alleged that it was a contract for sale by the plaintiff to the defendants of the properties therein specified. The contract is an agreement between promoters to organize a corporation, acquire the property and finance the proposition, the plaintiff to secure the property, the defendants to finance it, and for a division of the stock to be issued, $1,200,000 of which was to become the property of the defendants and $300,000 of which was to be transferred to the plaintiff.

This is the fair and reasonable intendment of the language of the contract. The allegation of damage is predicated upon present value of non-existent stock. This defect is immaterial, as the defendants having interposed an answer, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issues. (Code Civ. Proc. § 1207.) This contract was not unlawful or

void as against public policy. It is not claimed that it was not regularly and fairly made. It was admitted on the argument that it was drawn by an attorney for the defendants. (In fairness it should be stated that it was not drawn by the defendants' present attorneys.)

"A party has no right to induce another to contract with him on the supposition that his words mean one thing while he hopes the court will adopt a construction by which they would mean another thing more to his advantage." (*Potthoff* v. *Safety Armorite Conduit Co.,* 143 App. Div. 161, 164.)

How much less should the court allow a party to contend that the contract he has himself drawn is unintelligible or insensible. The defendants were sufficiently informed of the cause of action against them to frame their answer and present their defenses. The Code of Civil Procedure has provided a speedy remedy for testing the sufficiency of a complaint by demurrer and bringing the same on for trial as a contested motion. (Code Civ. Proc. §§ 488, 976.) When this is done we feel it our duty to more strictly construe the complaint, for by amendment at small costs the defects in the pleading can be cured, and the issue presented by the complaint can be made definite without resort to inference, so that the defendant by answer may clearly and intelligently meet the exact issue. Where, however, the defendant is sufficiently apprised of the issue tendered and has made answer thereto and delayed until the case is called for trial, and then challenged the sufficiency of the complaint by motion, we give full force and effect to the rule that the allegations of a pleading must be liberally construed with a view to substantial justice between the parties. (Code Civ. Proc. § 519.) In one case substantial justice requires that a defendant be informed with reasonable exactitude of the cause of action alleged against him (*Stabilimento Metallurgico Ligure* v. *Joseph,* 189 App. Div. 173, 177), that he may not be compelled at his peril to correctly interpret the meaning of the pleading and the nature of the issue tendered. In the other, the defendant has not asserted this hazard, but has met the issue tendered by the complaint in his answer, and substantial justice between the parties is better conserved by a liberal construction, giving full scope to every intendment that can reasonably be found from the language used, in an effort

to find a statement of a cause of action in an inartificially drawn complaint, than by turning the litigant out of court or compelling him to withdraw a juror and apply to Special Term to be allowed to amend.   In either of the latter contingencies, the burden of paying a full bill of costs in order to litigate the cause of action is cast upon the plaintiff.

In my opinion the complaint states facts sufficient to constitute a cause of action, and the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.