## Watkins, Appellant, *v.* Neff et al.

*Vendor and vendee — Default — Subsequent tender of performance—Agreement—Sale of real estate—Tender of purchase money.*

1. One in default on a contract for sale of real estate, may later tender performance and enforce the obligations in his favor, where the other party has waived the default, but this rule is intended to cover only situations that arise out of agreements or dealings between the parties.

2. The rule has no application where the party against whom default was made subsequently institutes a suit to recover the amount due under the terms of the contract. Such suit may be discontinued by leave of court; it is not a waiver of the default, but is a hostile proceeding and an assertion by the party aggrieved of a privilege given him by law, and plaintiff's averment therein of willingness to proceed with the contract of sale does not create any new contractual rights in the defaulting party, his default continuing as before.

3. Where a vendee of real estate sues to recover the deposit and judgment goes against him, but, before judgment is rendered, the vendor sues to recover the balance of purchase money, and in this suit, after judgment has been rendered against the vendee in the first suit, the latter prays the court for permission to withdraw his affidavit of defense, and that the court should enter judgment against him for the amount claimed, that the vendor should be de-' creed to make a deed to him, and that he should be permitted to pay the money into court, without other tender, and the court refuses the petition, and grants leave to the vendor to withdraw the suit, the judgments in the two suits, unappealed from, are res judicata of a third suit by vendee to recover the deposit.

4. A prayer that a rule might be granted to show cause why the petitioner should not deposit in court the balance of the purchase money with interest, etc., is not a tender of the purchase money.

Argued January 11, 1927. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 129, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1924, No. 9568, for defendant n. o. v., in case of Harris W. Watkins v. Phillip Neff et al. Affirmed.

Assumpsit to recover deposits made under contract of sale. Before Smith, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,500 on which judgment was entered for defendant n. o. v., in opinion by Martin, P. J. Plaintiff appealed.

*Error assigned* was, inter alia, judgment for defendant n. o. v., quoting record.

*Abraham Wernick,* of *Evans & Wernick,* for appellant.—An owner of a property can revive and keep an agreement of sale alive, despite the purchaser's admitted default,—regardless of whether the purchaser admits the default himself or whether that default is established by a judgment in court: Piacentino v. Young, 272 Pa. 556; Sanders v. Brock, 230 Pa. 609.

*Adolph Eicholz,* for appellees.—The case is res judicata: Newbold's Est., 65 Pa. Superior Ct. 151; Taylor v. Cornelius, 60 Pa. 187; Exler v. Wickes Bros., 263 Pa. 150; McGunnegle v. R. R., 269 Pa. 404; First Nat. Bank v. Dissinger, 266 Pa. 349; Straw v. Murphy, 179 Pa. 376.

Plaintiff having been in default, and defendants having been at all times ready to carry out the contract, he cannot recover; they had a right to take his refusal to accept a conveyance as final; they could sell without incurring any liability to Watkins: Sanders v. Brock, 230 Pa. 609; Shamlian v. Waxman, 80 Pa. Superior Ct. 73; Schuman v. Barry, 4 Pa. D. & C. 550.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 31, 1927:

In this suit to recover certain deposits made by the vendee under a contract of sale of real estate, the verdict favored the plaintiff, but the court below made absolute a rule for judgment in favor of defendants n. o. v. Judgment was entered accordingly and plaintiff has appealed.

The material facts may be briefly stated as follows: In April, 1920, defendant Neff agreed to sell a row of houses in the City of Philadelphia to plaintiff Watkins; the latter paid $7,500, in several installments, as earnest money on the contract, to be treated as liquidated damages in case of the vendee's default; two of the houses were actually settled for and conveyances made to Watkins; after many negotiations, which need not be detailed here, October 15, 1920, was fixed as the final date for settlement; each party said the other defaulted in not carrying out the contract at that time, and this situation led to two suits prior to this one.

On October 19, 1920, the present plaintiff instituted a suit in the Court of Common Pleas No. 3 of Philadelphia County to recover the $7,500 of deposits, together with certain other moneys which he claimed to have lost through the alleged default of the vendor, the present defendant Neff; who, in turn, claimed he was not in default. The trial of that issue resulted in a verdict in favor of Neff, the defendant in that suit and the vendor under the contract of sale; judgment was entered accordingly on September 12, 1922, thus judicially establishing the fact of the vendee's default.

Meanwhile, on March 11, 1921, Neff, together with the two other defendants in the present suit, who were joint owners with him of the premises in controversy, commenced suit in Court of Common Pleas No. 4 of Philadelphia County against Watkins, the present plaintiff, and one Dintenfass, alleged to be Watkins's principal. This suit was to recover the balance of the purchase

money due by Watkins under the terms of the contract of sale, and was based on the theory that he had defaulted in not carrying out that contract. The statement of claim averred that Neff was and always had been ready and willing to execute and deliver to the vendee, or his nominee, conveyances under the terms of the agreement of sale, on receipt of the purchase money. Watkins filed an affidavit of defense, denying his default and alleging default on part of the vendor.

Thus the record in the suit in Common Pleas No. 4 stood, and had stood for more than a year, when judgment was entered on the verdict in the Court of Common Pleas No. 3, wherein it was determined that Watkins, the plaintiff in both that suit and the present one, was in default as vendee under the contract of sale, and that Neff, representing the defendants in the present suit, was not in default,—a judgment which is unappealed from. Nine months after entry of judgment in Court of Common Pleas No. 3, Watkins petitioned the Court of Common Pleas No. 4 for leave to withdraw his affidavit of defense (wherein he had denied default under the contract of sale) and that the court should enter judgment against him for the amount claimed by the plaintiffs in that suit, such judgment to be accompanied by an order which would compel those plaintiffs (present defendants) to convey to him, the present plaintiff, the real estate in controversy; this petition was not, however, accompanied by a tender of the balance of the purchase money, the nearest thing to a tender being a prayer that a rule might be granted to show cause why the petitioner (present plaintiff) should not deposit in court the balance of the purchase money with interest, etc. The present defendants (plaintiffs in the Court of Common Pleas No. 4) objected to the petition, saying, inter alia, that, after Watkins had refused to accept a conveyance, tendered to him following the judgment by the Court of Common Pleas No. 3, they, considering that he had no further rights in the premises, had divided up

the several properties involved and had actually sold and conveyed some of them to other persons; whereupon the Court of Common Pleas No. 4 refused the prayer of the petition, and granted the present defendants leave to discontinue the suit commenced by them in that tribunal, which was done. .

Subsequently, in 1924, the suit now before us was commenced, wherein the statement of claim is substantially a copy of the one filed by Watkins against defendant Neff in the Court of Common Pleas No. 3, except that here plaintiff recites the proceedings in the Court of Common Pleas No. 4, and it is claimed in this statement that, by reason of the failure of the vendor, Neff, to accept payment of the balance of the purchase money when the vendee, Watkins, filed his petition for leave to withdraw his affidavit of defense, etc., in Court of Common Pleas No. 4, he, Neff, was placed in default and Watkins thereupon became entitled to recover the payments he had made on account. Plaintiff has a theory that, because the present defendants had averred, in the suit instituted by them in Common Pleas No. 4, that Neff was ready and willing to convey to Watkins, and because, after the judgment in Neff's favor entered by Common Pleas No. 3, the No. 4 suit had not been discontinued,— that is, had not been discontinued prior to Watkins' petition for the entry of judgment against himself,—this resulted in a continuing offer to convey, on part of the present defendants, which he, Watkins, had a legal right to take advantage of at any moment, on tender of the purchase money.

Although of opinion that plaintiff has failed to show the making of any sufficient tender,—and this would constitute a complete answer to his claim on that ground,—we shall, nevertheless, consider his contentions and theories as above outlined.

Plaintiff admits without reservation that, on October 15, 1920, he was in default on his contract, and that the judgment in Common Pleas No. 3 finally determined

such fact. At that time, therefore, plaintiff could require nothing of defendants in respect to this contract. Plaintiff's present demand, then, is based on his assumption that he subsequently acquired new rights in the contract; and therein lies the fallacy of his whole argument. True, it has been held that one in default on a contract may later tender performance and enforce the obligations in his favor, where the other party has waived the default; but the language of the case to that effect (Piacentino v. Young, 272 Pa. 556, 559), relied on by plaintiff, clearly shows that it was intended to cover only situations that arise out of agreements or dealings between the parties. There is nothing of the kind here. When plaintiff defaulted, one of the remedies available to defendants was to hold themselves in readiness to perform, and sue for the amount due under the terms of the contract: Sanders v. Brock, 230 Pa. 609, 614. This they did by their suit in Common Pleas No. 4, and plaintiff wishes to construe that procedure as constituting a waiver of his default,—as a new contractual offer, continuing as long as the action remained undisposed of. The suit in question had no such effect, however; it was a hostile proceeding, an assertion on the part of defendants of a privilege given them by the law, and did not create any new contractual rights in plaintiff, his default continuing as before.

Again, plaintiff insists that, if the case in Court No. 4 had come to trial, judgment would certainly have been rendered against him for the balance of the purchase price, and that, therefore, he had a right to anticipate this, to confess judgment against himself and pay the money into court, as he in that proceeding asked leave to do. This argument assumes that the present defendants were bound to proceed to judgment in the Court of Common Pleas No. 4; but that tribunal passed upon this question when it refused the petition of Watkins to have judgment entered against him and gave his opponents permission to discontinue their action. The effect of

the order there was to determine that Watkins had no right to have judgment entered against him and thus to demand a conveyance of the properties; further, that the then plaintiffs (defendants here) were free to discontinue their suit. Under the circumstances, upon the discontinuance being entered,—as it was,—the situation stood as though the suit for the balance of the purchase money had never existed: see Lowry v. McMillan, 8 Pa. 157, 164; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329, 332. No appeal was taken from the action of Common Pleas No. 4, and hence its order is final and conclusive (Fine v. Soifer, 288 Pa. 164, filed Jan. 3, 1927); the matters there determined, as well as those passed upon by Court No. 3, are res judicata and cannot be relitigated in the action at bar.

The present defendants' right to discontinue their action in Common Pleas No. 4 for the balance of the purchase money and the absence of any right in the present plaintiff to demand a conveyance of the properties, together with the fact of his default, having been finally determined in other proceedings, properly proved in this case, little remains to be said by us except that, as we have hereinbefore shown, nothing has since happened which deprives these defendants of their right to regard the contract as cancelled and to retain the deposits as liquidated damages for plaintiff's admitted and adjudicated default.

The judgment is affirmed.