Durso, Appellant, v. Fiorini.

112

Argued November 12, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*J. Roy Lilley*, and with him *E. B. Farr* and *William P. Wilson*, for appellant, cited:  21 C. J. 113, Sec. 116; Honesdale Ice v. Lake etc. Co., 232 Pa. 293; Bulliet v.

Allegheny Trust Co., 284 Pa. 561; Empire etc. Co. v. Hench et al., 219 Pa. 135; Devens v. Mechanic's etc. Inc. Co., 83 N. Y. 168, cited from Vol. 20, A. & E. Ann. Cases, Vol. 20, page 438; Mecklenburg Real Est. Co. v. Kyoleum Co., 142 Tenn. 295.

*E. J. Mullen*, and with him *J. H. Thayer*, for appellee, cited: D'Arras v. Keyser, 26 Pa. 249; Morgan v. Scott, 26 Pa. 51; Tiernan v. Roland and Blackstone, 15 Pa. 429; Remington v. Irwin, 14 Pa. 143; Ice Co. v. Lake Ladore Imp. Co., 232 Pa. 293; Haney v. Hatfield, 241 Pa. 413; Eberz v. Heisler, 12 Pa. Superior Ct. 388; Durham v. Wick, 210 Pa. 128.

OPINION BY LINN, J., January 29, 1930:

The question is whether plaintiff should have execution on his judgment. It was entered on a judgment note executed by Giordana Fiorini dated September 3, 1926, payable one day after date. On the note was endorsed the following agreement:

" 'Mildred, Pa., Sept. 3, 1926.

This note is given to secure John Durso for cash payment of two thousand dollars on the real estate of Mrs. Giordana Fiorini in Mildred, Pa., and to be destroyed when deed is executed by said Giordana Fiorini and her husband, John Fiorini, of said real estate to said John Durso and in case deed is not made within 30 days of now this note to be what it purports on its face. This agreement signed and sealed the day and year above written.'

Mrs. Giordana Fiorini (Seal)<br>John Fiorini (Seal)<br>John Durso (Seal) "

That instrument was part of a transaction that began August 16, 1926, when the plaintiff, in writing, agreed to purchase from Mrs. Fiorini, certain real

estate in Mildred, Pennsylvania, for $10,000,—$300 to be paid down, and $1,700 on delivery of deed, balance to be secured by a mortgage or note. Settlement being delayed to obtain a survey of the premises for use in drawing the deed and mortgage, the vendor demanded payment of the $1,700 before delivery of the deed; the vendee complied with the demand on receiving security for the repayment of the $2,000 paid on account in the event of default by the vendor; the judgment note and agreement of September 3 were accordingly executed. No deed was delivered within 30 days after September 3, 1926. On October 7, 1926, plaintiff entered judgment on the note, and on November 15 issued a fi. fa. On November 26, defendant instituted this proceeding by petition for a rule to show cause why the judgment should not be opened to enable her to defend, why execution should not be stayed, and why the judgment and execution should not be set aside and stricken off. A rule to show cause why judgment should not be opened and execution stayed was granted. The complaint, speaking generally, was that to permit the enforcement of the judgment would be a fraud on her, on the ground that plaintiff, and not she, was in default in performing the agreement of purchase and sale; that she had been, and still was, ready to convey, and that plaintiff had refused to perform. An answer, asserting failure of consideration, was filed, depositions were taken, and after argument, the court opened the judgment and awarded an issue for trial, the details of which need not now be stated.

At trial the jury was instructed to answer certain interrogatories that were submitted to it; they were answered and, with the answers, were received by the court and made part of the record, but no general verdict was rendered. The learned trial judge then made the following order: "Accordingly, to meet the equitable requirements of the case and to make effec-

tive the verdict of the jury, the judgment opened, the execution issued thereon are set aside and stricken off, at the costs of the plaintiff.'' Plaintiff appeals from that order and assigns it for error.

Throughout the transaction both parties were represented and advised by the same attorney-at-law. He prepared the agreement of sale, the judgment note and agreement quoted above; he was instructed by both and undertook to prepare the deed for execution by the vendor and the purchase money mortgage to be executed by the vendee and to have both executed and recorded, (see Lawall v. Groman, 180 Pa. 532); this professional relation to both parties was not terminated until after the fire. On October 5, 1926, one of the buildings on the land was struck by lightning and was destroyed by fire. The vendor immediately offered to collect the insurance, $3,000, for the benefit of the vendee but he refused to receive it. The vendor then restored the building at an expense of between four and five thousand dollars, and informed the plaintiff that she was ready and willing to perform the agreement of sale. A few days after the fire the vendee refused to perform, giving as a reason for his refusal that he did not wish to own property in Mildred where (as he said) there was no fire protection. Defendant did not accede to his refusal, but stated that she was ready to perform the contract, thereby, for the time, waiving the default. The evidence taken shows that at the expiration of the 30 days from September 3, plaintiff had made no tender of mortgage, note, or cash for the balance of the purchase money. Within the 30-day period, on several occasions, he did request the attorney, who was acting for both parties, to prepare the purchase money mortgage, but the attorney, who then represented both parties, put him off and the testimony supports a finding that plaintiff acquiesed in the postponement. The effect of the con-

duct of both vendor and vendee, as the learned court below states, was that as neither party insisted on performance at the end of 30 days, both waived strict performance, and thereby established a status that prevented either from calling time on the other without reasonable notice. Instead of thereafter tendering performance of his contract, the plaintiff, doubtless because one of the buildings had been destroyed by fire, and absence of fire protection in the town, and not because of the failure of the vendor to tender a deed at the end of the 30-days, elected to rescind and entered the judgment and issued the execution in question.

The evidence shows that the consideration has not failed, the vendor being ready and willing to perform her agreement. She did more than she was required to do in restoring the building after the fire. See Watkins v. Neff, 288 Pa. 314. The right to confess judgment was not for money due in all circumstances, but was qualified by the agreement quoted; the object of the contract is specifically stated to be "to secure" the vendee; and while the instrument specified that the period of security should be 30 days, they were competent to extend that period and the evidence justifies the finding that they did so; the result was that the period became indefinite in time after the extension of the 30 days: see Romm v. Lobosco, 95 Pa. Superior Ct. 373, 376; Wolpert v. Marshall, 84 Ib. 597, 601.

Now as the agreement was that the vendee should have security during the period preceding the preparation of the title papers, and as the period has not yet expired, in consequence of the conduct of the parties, as appears by the evidence, the vendee is still entitled to the security; but, because there is no default to mature the debt, he is not entitled to execution. If a vendor is not in default, a vendee cannot recover hand-money: Sanders v. Brock, 230 Pa. 609; Dluge v. Whiteson, 292 Pa. 334. The case calls for the applica-

tion of the principle applied in Integrity Title, etc. v. Rau, 153 Pa. 488, and in O'Maley v. Pugliese, 272 Pa. 356; see also Lewis v. Linton, 207 Pa. 320; Long v. Bank, 211 Pa. 165; Feagley v. Norbeck, 127 Pa. 238; Furniture Co. v. McClintock, 162 Pa. 141.

There was error in striking off the judgment; it was apparently regular on its face and no irregularity has been pointed out; in such circumstances judgment may not be stricken off: Pacific Lumber Co. v. Rodd, 287 Pa. 454, 459, and cases cited there. It was also wrong to open the judgment, as the agreement of the parties was, that the plaintiff should have the judgment as security until the default specified. As defendant's petition instituting this proceeding, prayed, inter alia, that the execution be set aside on the ground that she was not in default, and as the testimony taken developed the facts leading the court to find, as we understand it, that the consideration had not failed by default of the vendor, we have reached the conclusion (compare Harrison v. Soles, 6 Pa. 393, 395) that the matter may be finally disposed of now by an order that we shall make, without requiring the testimony to be taken again.

The order striking off the judgment is reversed; the judgment and proceedings thereon are reinstated, and the record is remitted to enable the court to enter an order restraining the plaintiff from having execution on the judgment until such time as it shall be established that defendant is in default in the performance of the contract of sale. Neither party shall have costs from the other in this proceeding.