## WELCH v. T. W. WARNER CO.

District Court, S. D. New York.

June 17, 1930.

Willcox, Swiger & Chambers, of New York City (William O. Gennert, of New York City, of counsel), for the motion.

Platt, Field & Taylor, of New York City (Eli J. Blair, of New York City, of counsel), opposed.

WOOLSEY, District Judge.·

The motion to amend the complaint is denied because the proposed amended complaint does not state a cause of action against the defendant.

And, as it is apparent that the plaintiff has not a cause of action against the defendant, an order for a judgment dismissing with costs the original complaint, now on file, may be entered.

I. When the escrow agreement with the Security & Savings Bank at Pasadena was made by the plaintiff's assignor, Andrews, and the defendant, the time, place, and method of performance was thereby prescribed. It was Andrews' duty meticulously to comply with the escrow terms. The complaint, read in the light of the annexed contracts and other documents, does not show that he has done so.

When the original contract on which the alleged cause of action is based is annexed to the complaint as it is here, and as enlightened practice prefers, any variance between the allegations of the complaint and the terms of the contract is controlled by the contract. Rubin v. Siegel, 188 App. Div. 636, 638, 177 N. Y. S. 342; Queen v. Benesch, 191 App. Div. 83, 84, 180 N. Y. S. 856; Gosselin Corp. v. Mario Tapparelli fu Pietro, 191 App. Div.

580, 581, 181 N. Y. S. 883; Burdick v. Fuller, 199 App. Div. 94, 97, 191 N. Y. S. 442.

■ I think it is obvious that, if the plaintiff has a cause of action against any one, it is not against the defendant. By creating the escrow, the defendant cut itself out of the transaction until the time for Andrews to perform arrived. If Andrews had performed or made proper tender to the bank, it, as escrow holder, would have become trustee of the stock for Andrews and been accountable to him. Citizens' National Bank v. Davisson, 229 U. S. 212, 223, 33 S. Ct. 625, 57 L. Ed. 1153; St. Tammany Bank v. Winfield, 254 F. 785, 786 (C. C. A. 5); Perry v. Perry, 170 App. Div. 525, 530, 155 N. Y. S. 954; Mechanics' National Bank v. Jones, 76 App. Div. 534, 545, 78 N. Y. S. 800, affirmed 175 N. Y. 518, 67 N. E. 1085.

■ II. The only theory on which the plaintiff can claim any cause of action against the defendant is that the defendant waived the terms of the escrow; and an analysis of the complaint and the annexed documents shows that the plaintiff depends on the suit for specific performance brought against Andrews in California as a basis for its claim of waiver.

That suit, however, did not in any way constitute a waiver of the provisions of the escrow.

It was a hostile proceeding, of which the implication and contention was that Andrews had not performed his contract; and its discontinuance merely meant that defendant had made up its mind to resort to other remedies —whether defensive or offensive matters not. Cf. Watkins v. Neff, 288 Pa. 314, 319, 136 A. 221.

■ III. The object of an interlocutory proceeding like this motion is to lay the foundation for a joinder of issue for trial. Issue cannot properly be joined, however, unless a complaint states a cause of action and the answer thereto a defense.

■ When a plaintiff makes a motion to strike out a defense, for example, his motion opens up the whole record, and the result may be that, if his complaint be insufficient, he may find himself out of court. Cf. Cheatham v. Wheeling & Lake Erie Ry. Co. (D. C.) 37 F.(2d) 593, 598.

The same considerations apply to a motion to amend a complaint. It would be poor economy of time to grant such a motion when, as here, the plaintiff has not stated, and, apparently, cannot make out, any cause of action against the defendant, for so doing would merely force the defendant to a further motion on already overloaded calendars, or cause both parties to waste time awaiting a trial which would be abortive.

■ If the plaintiff feels that my decision is wrong, at least the decision is final, and he will be in a position to appeal on a short record to the Circuit Court of Appeals and have the merits of his original complaint finally determined there, and also probably the propriety of his proposed amendment, for I do not refuse to grant the motion to amend as a matter of discretion, but solely on the ground that such a motion should not be granted when the proposed amended complaint does not state a cause of action.

Settle both orders on two days' notice.