**BERGER v. McHUGH et al.**
**No. 1339.**

District Court, M. D. Pennsylvania.
Jan. 31, 1939.

S. Martin Mandon, of Paterson, N. J., and Irving L. Epstein, of Scranton, Pa., for plaintiff.

James K. Peck, of Scranton, Pa., for defendants.

WATSON, District Judge.

The Plaintiff filed a Bill in Equity against Joseph P. McHugh and the Industrial Machine Corporation praying for the specific performance of an oral contract entered into by the Plaintiff and Joseph P. McHugh, and that Joseph P. McHugh be enjoined from transferring certain stock which he had received from the Defendant, Industrial Machine Corporation, and that the Industrial Machine Corporation be enjoined from transferring, on its books, the said stock. Motions were filed on behalf of each of the Defendants to dismiss the Bill, and these motions are now before the Court for disposition.

It is alleged in the Bill that the Defendant, Joseph P. McHugh, invented a certain one-process spinning machine and applied for a patent thereon; that the patent was pending prior to the year 1935; that, up to the year 1935, no plans had been consummated by McHugh for developing and marketing this spinning machine. As to the oral contract, it is alleged in the Bill as follows: "Some time during the early part of the year 1935, Robert Berger, said Plaintiff, and Joseph P. McHugh, one of the Defendants herein, entered into an oral agreement whereby the said plaintiff agreed to aid said defendant, the inventor, in perfecting said spinning machine by arranging for various tests by experts in the silk industry, by submitting samples of the material turned out by said process to experts, by suggesting improvements, by making numerous experiments at the expense of said plaintiff, as the said defendant was then entirely without funds and completely lacked the connections with those in the silk industry that the plaintiff had, and in consideration of the plaintiff undertaking to accomplish all of the aforesaid, he, the said Joseph P. McHugh, agreed to pay to the plaintiff a reasonable value for his services." "That at the same time, to wit, the early part of the year 1935, the said plaintiff orally agreed with said Joseph P. McHugh that he would promote the said invention and would secure the necessary capital to finance the development and sale of said one-process spinner to the textile industry at large and, in consideration of this agreement on the part of the said plaintiff and for the further consideration that capital for the development and distribution of said one process spinning machine were obtained in any manner whatsoever by the said plaintiff, directly or indirectly, said Defendant, Joseph P. McHugh, agreed to transfer and assign to the said Plaintiff ten (10%) percent. interest in said invention together with ten (10%) percent. of any and all earnings or income said defendant would derive from said invention."

It is further stated in the Bill that, pursuant to this agreement, and through the efforts of the Plaintiff, the machine was developed, improved and perfected, and capital was secured for financing the machine which is now being manufactured and sold to the textile industry; that, on June 16, 1936, Letters Patent were granted to Joseph P. McHugh for the one-process spinner; that the patent was subsequently assigned to General Patents Corporation and, by that corporation, to the Defendant, Industrial Machine Corporation; that, in return for his assignment of the patent, Joseph P. McHugh received stock in the Industrial Machine Corporation; that the

Defendant, Joseph P. McHugh, refused to compensate the Plaintiff for his services or to transfer a ten percent. interest in the patent, or pay ten percent. of the earnings of the patent to the Plaintiff in accordance with the oral contract. The Plaintiff alleges also that the reasonable value of his services is $10,000 and demands an accounting of the income received by Joseph P. McHugh from the patent.

The Defendants contend that the Bill should be dismissed for the following reasons:

1. Because the alleged contract is too vague, uncertain and incomplete in material stipulations to warrant the Court in entering or enforcing any decree in equity.

2. The time and place of the alleged contract is too uncertain, vague and indefinite.

3. The Plaintiff fails to allege sufficient facts to constitute a valid cause of action in equity against the Defendant.

4. The Plaintiff fails to allege sufficient facts to support any claim under an alleged contract.

5. The Plaintiff has an adequate remedy at law.

6. The allegations as to the amount involved are insufficient to give the Court jurisdiction.

7. The Plaintiff's Bill is insufficient on its face because it appears to present a stale claim.

8. The Plaintiff's Bill is insufficient on its face because it appears that the Plaintiff was guilty of laches in presenting his alleged claim.

9. The Plaintiff's Bill is based upon an alleged oral contract, the alleged terms of which are insufficient, vague and indefinite to support Plaintiff's Bill.

The question of the dismissal of the Bill as to the Industrial Machine Corporation will be discussed first. It is alleged that the Plaintiff is entitled to certain stock issued to Joseph P. McHugh by the Industrial Machine Corporation. The Plaintiff has alleged that irreparable damage will be caused if the stock held by Joseph P. McHugh is permitted to be transferred and prays that an injunction be issued against the corporation restraining it from transferring the stock on its books. This is the only relief asked as against the Defendant, Industrial Machine Corporation, and the only reason it has been made a party to this suit. Since the filing of the Bill, a temporary injunction against the Industrial Machine Corporation was dissolved by consent of the Plaintiff. As the decree of the Court will determine the rights of the parties in the stock and there will be no reason for an injunction against the Industrial Machine Corporation at that time, the Industrial Machine Corporation is no longer a necessary party to this proceeding and as to it the Bill should be dismissed.

Reasons one, two, and nine, above, relate to the sufficiency of the allegations. Insofar as the ability of the Court to enter or enforce a decree is questioned, these reasons are without merit. The contract alleged by the Plaintiff, while indefinite with regard to the details of the Plaintiff's duties, is sufficiently definite to determine what must be done by the Plaintiff to constitute performance. It is further alleged that the Plaintiff has fully performed his part of the contract, thus rendering definite that which may have been, at the outset, indefinite. The nature of the contract itself is one which renders absolute certainty of stipulation impossible. On the other hand, the duties of McHugh are set forth in such a manner as to be absolutely definite or can be made so by mathematical computation, and it is for the enforcement of these duties that this Bill was brought. Thus, the Bill does not present a claim upon which a court of equity cannot enter a decree. If the Defendant feels that the Bill is too vague to enable him to properly prepare his responsive pleading or prepare for trial, the proper motion is one for more definite statement or for a Bill of Particulars under Rule 12(e) of the New Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The third and fifth reasons seem to relate to the objection that the Plaintiff has an adequate remedy at law. This objection is no longer proper under the New Rules of Civil Procedure. Catanzaritti v. Bianco, D.C., 25 F.Supp. 457.

Reasons seven and eight relate to Plaintiff's delay in bringing suit to enforce his rights. There is nothing in the Bill to indicate any undue delay on the part of the Plaintiff. The contract was entered into in 1935 and the machine was patented in 1936. There is no allegation as to when the Plaintiff fully performed his part of the agreement, and it may well be that he did not do so until shortly before bringing this suit.

The Defendant's fourth reason is scarcely clear enough to consider inasmuch as the Defendant does not point out wherein the Bill is not sufficient. The Plaintiff has alleged his performance of the contract and the failure of the Defendant to perform his obligations thereunder. These facts together with an allegation of the formation of a contract are sufficient to constitute a valid cause of action.

The Defendant's sixth reason that the amount involved is not sufficient to give the Court jurisdiction is without merit. The Plaintiff claims, as the reasonable value of his services, the sum of $10,000. As there is nothing alleged which would show that such an amount may not be recovered by the Plaintiff, the Defendant's objection to the jurisdiction of the Court must be dismissed. St. Tammany Bank & Trust Co. of Covington, La. v. Winfield, 5 Cir., 263 F. 371.

Other reasons for dismissing the Bill advanced by Defendant's Counsel at the time of the oral argument are in my opinion entirely without merit, and the motion to dismiss the Bill as to Joseph P. McHugh should be denied.

Now, January 31, 1939, the motion of Defendant, Industrial Machine Corporation, is granted, and as to it the Bill is dismissed; the motion of the Defendant, Joseph P. McHugh, is denied, with leave, however, to file a motion for a more definite statement or for a Bill of Particulars within ten days.

### On Application for Temporary Injunction.

The Plaintiff, Robert Berger, filed a Bill in Equity for the specific performance of a contract. A temporary restraining order was granted to prevent the transfer of certain stock held by the Defendant, Joseph P. McHugh. The Plaintiff now seeks a temporary injunction.

It is alleged that in the early part of the year 1935, the Plaintiff, Robert Berger, and the Defendant, Joseph P. McHugh, entered into a contract which provided, inter alia, for the transfer of a ten percent. interest in the patent of an invention of McHugh to Robert Berger, said patent being pending at that time and granted June 16, 1936, and that, at some time subsequent to the grant of the patent, McHugh transferred the patent to General Patents Corporation. It is not alleged that General Patents Corporation is not an innocent purchaser for value. In return for his transfer of the patent, McHugh received stock in the Industrial Machine Corporation, and it is this stock the transfer of which Berger desires enjoined. Berger also alleges that he has performed his obligations under the contract.

By the terms of the contract, McHugh was not required to transfer the ten percent. interest in the patent until Berger had performed his obligations. Therefore, no interest in the patent vested in Berger by virtue of the agreement alone. It is not alleged that Berger ever received an assignment of an interest in the patent or was even entitled to such an assignment before its transfer to the General Patents Corporation. If Berger had no vested interest in the patent prior to its transfer, he would certainly have no interest in the particular consideration which was received by McHugh upon such transfer. Under the averments of the Bill, it is not clear that Berger is entitled to any portion of the shares of stock in the hands of Mc-Hugh. Therefore, to grant an injunction against McHugh restraining him from transferring the stock would be improper.

Now, January 31, 1939, the restraining order heretofore granted is dismissed, and the Plaintiff's prayer for a preliminary injunction is denied.